ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. CO. *v.* BLAYLOCK.

Opinion delivered December 20, 1915.

1. TAXES—PAYMENT—LIEN—PERSON IN POSSESSION.—Kirby's Digest, § 2754, giving a lien to the person in possession of land, who, believing himself to be the owner, under color of title, makes improvements and pays taxes thereon, is intended for the protection of the person in possession, and can not be invoked by one who was never in possession of the land.

2. TAXES—RECOVERY—LIMITATIONS.—Any right which one has to recover taxes paid upon lands to which the appellant held color of title is barred by the five-year statute of limitations.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

*C. M. Walser,* for appellant.

1. The suit was properly brought in the chancery court. Kirby's Digest, § 5984; 52 Ark. 411; 56 *Id.* 370. This was not a suit in ejectment and no relief was asked except equitable relief.

2. The suit was not barred by limitation. 92 Ark. 167; 146 Ind. 186.

*S. A. D. Eaton,* for appellee.

1. Appellee was in the actual, adverse, etc., possession of the land, claiming title and had the constitutional right to a trial at law. Const., art. 2, § 7; 56 Ark. 374; 65 *Id.* 505.

2. Kirby's Digest, § 2754, provides a remedy for a defendant who is in possession of land, under color of title. The remedy is a legal one.

3. Appellee's long continued possession put appellant upon notice of his claim. 33 Ark. 465; 66 *Id.* 167. Being thus advised, the payment of taxes by appellant was purely voluntary. 37 Cyc. 375.

4. The suit is barred. 37 Cyc. 387, *et seq.* The claim is stale. 68 Ark. 71; 79 *Id.* 171; 37 Cyc. 387. See also Kirby's Digest, § 5064; 66 Ark. 452.

KIRBY, J. Appellant brought this suit in equity, claiming to be the owner of certain lands and deraigning title thereto and to have paid a certain amount for taxes for certain years, the last payment in 1895, and prayed that its title be quieted and appellee's title declared void.

Appellee answered, denying that appellant was the owner of the lands or ever had been in possession thereof, deraigned his title thereto and alleged that he had been in the actual, adverse possession thereof from 1882 and denied that any taxes had been paid by appellant as claimed and pleaded limitations and laches as his defense to the suit and moved to transfer the case to law, which was done.

Appellant thereupon filed an amendment to its complaint, alleging "that believing itself to be the owner of the land and under color of title as stated, it had paid the taxes as alleged in the complaint and was entitled to a lien upon the land to secure a repayment of said sum and prayed if the title should be found to be in the defendant, that the cause be transferred to equity in order that said lien could be declared and enforced.

The court denied the motion to transfer, and the cause being submitted to the court without a jury, found the title of the land to be in the defendant and held the plaintiff's claim for taxes barred by the statute of limitations and from this judgment this appeal is prosecuted.

It appears from the testimony that appellant paid the taxes on the lands for the years 1875 to 1879 inclusive, 1883, 1884, 1898, 1899, 1904 and 1905, amounting, with interest, to the sum claimed, and that appellee had been in the actual, open, continuous and adverse possession of the land since 1882, claiming under a warranty

deed from the original entryman from the United States. The last payment of taxes was in the year 1905 and the complaint was filed on the 29th day of June, 1914, more than nine years thereafter.

The lien given by sec. 2754, Kirby's Digest, to the person in possession of land, who believing himself to be the owner, under color of title, makes improvements and pays taxes thereon, was intended for the protection of the person in possession and can not be invoked by appellant, who was never in possession of the lands. Neither did it pay any taxes thereon under a void tax deed and can not claim the lien given under section 7112, Kirby's Digest, nor the act of July 23, 1868. It had no lien, therefore, upon the lands for the taxes paid and was not entitled to a transfer of the cause to equity. Any right it may have had for the repayment of the taxes claimed to have been paid by it, accrued more than five years before the bringing of the suit and was consequently barred by the statute of limitations.

The judgment was correct, and is affirmed.