FRANCIS GRIFFING et al. *vs.* JOHN M. PINTARD.

The power of a tax collector to sell land in any case is special, and limited by the end to be accomplished; and that is, to coerce the delinquent to pay the taxes which have been assessed against him.

For this purpose, the power to sell the property of the delinquent is given to the tax collector, and only exists so long as the party is in default to the government.

When the taxes have been paid by any person, the power of sale no longer exists.

The doctrine of subrogation does not apply in cases of the rights and remedies
· of the State against delinquent tax payers.

ON appeal from the southern district chancery court at Natchez; Hon. James M. Smiley, vice-chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

*J. T. McMurran,* for appellants.

In equity, as at law, the complainant must recover on the strength of his own title, and not on the weakness of the defendant's. Before the complainant has any claim on the defendant, or on property in his peaceable possession, (with or without title,) he must show affirmatively, that he has the claim. " It is not only necessary that the substance of the case made by each party should be proved, but it must be substantially the same case as that which he has stated on the record." If authorities be wanting in support of these positions, I refer the court to one directly in point. *Antones et al.* v. *Trustees of Church of Holy Conception, &c.,* 9 Port. (Ala.) R. 527, 536, 537; 2 Dan. Ch. Prac. 1000, &c.

Did he acquire a title by his tax purchase? The mode in which the sale was conducted was regular; an eighth of a section, or eighty acres first offered, and so in conformity with the decision of this court, in the case of *Hodge* v. *Wilson,* 12 S. & M. 498. Counsel complain, that it was not put up in

15 *

eighths, according to the survey. But counsel overlooked the fact, that there is no proof that the land ever had been surveyed into eighths. Neither Spanish grants nor British claims are ever thus surveyed. And the tax collector did all he could do, and all the law requires, upon the proofs in this case.

The extracts from the tax lists for 1841 and 1842, show that the land had been assessed for those years, although Bowen's name is not properly put down. These taxes were unpaid, as Moore, the tax collector, testifies, though he settled with the State for them, and he had a right to make the sale as he did. His office expired on the day of sale or previously, as his testimony may be understood as to the date of the expiration of his office as collector. My understanding is, that it expired on the day he made the sale. But if it expired previously, still I insist that he had the power to make the sale, and thus close up the business of his office.

*Wilcox* and *Sanders*, for appellee.

1st. Has the court jurisdiction in such a case?

2d. Can the court, upon taking jurisdiction, remove the clouds, incumbrances, &c., which embarrass the property, where they are either void, fraudulent, inequitable, or voidable, from any of the causes contended for in the bill?

3d. Can the defendant, Francis Griffing, regarding his relation to the defendant, Bowen, during that relation, or before notice of attornment, acquire by purchase any title to the estate on which he is tenant, or charge the legal possession of his landlord?

We hold the affirmative of the two first propositions, and the negative of the third.

On the first and second propositions, we refer the court to Hutch. Code, 807; Ib. 703, act of 1841, to remove clouds, &c.; *Beck* v. *Burdett*, 1 Paige, 305; *Scott* v. *McMillen*, 1 Litt. 302; *Moore* v. *Simpson*, 5 Ib. 49; *Cloud* v. *Hamilton*, 3 Yerg. 81; *Lucas* v. *Atwood*, 2 Stew. 378; *Corning* v. *White*, 2 Paige, 567; 4 Johns. Ch. R. 687. Also, *Quick* v. *Stuyvesant*, 2 Paige, 84; *Lothrop* v. *Bennet*, Kirby, 185.

· " Where a court of equity gains jurisdiction of a cause for

Griffing et al. *v*. Pintard.

one purpose, it may retain it generally." *Rathbone* v. *Warren*, 10 Johns. 587; *Hawley* v. *Cramer*, 4 Cow. 717.

On the third point, we refer the court to *Wilson* v. *Smith*, 5 Yerg. 379; *Greeno* v. *Munson*, 9 Verm. 37; *Stewart* v. *Roderick*, 4 Watts & Serg. 188; *Watson* v. *Smith*, 10 Yerg. 476; *Drane* v. *Gregory*, 3 B. Monroe, 619; *Chambers* v. *Pleak*, 6 Dana, 426; *Calhoun* v. *Perrin*, 2 Brev. 247.

From the decisions of our own court and our statutes, and the evidence in the cause, we insist that nothing passed by the alleged tax sale, and we respectfully ask the court for a decree, as prayed for.

Mr. Justice FISHER delivered the opinion of the court.

The appellee filed his bill in the vice-chancery court at Natchez, against the appellants, Allin G. Bowen, Thomas Freeland and others, for the purpose of subjecting a certain tract of land, in the possession of Francis and Jabish Griffing, to the payment of a judgment which he recovered at the November term, 1847, of the circuit court of Adams county, against the said Bowen, for the sum of four thousand and thirty-six dollars; and also for the purpose of subjecting said land to the payment of a note made by the said Bowen to the appellee, for the sum of one thousand three hundred and seventy-three dollars and thirty-eight cents.

The bill alleges, that Freeland purchased the land in 1842, at a sale thereof by the sheriff of Claiborne county, under certain executions against Bowen, and that by virtue of a subsequent agreement he covenanted to convey said land to Bowen. Freeland made no answer to the bill, and it was, as to him and all the other defendants, except the appellants, Francis and Jabish Griffing, taken for confessed.

The vice-chancellor made a decree according to the prayer of the bill, subjecting said land to the judgment and note already described. From which the said Griffings have alone appealed.

They claim title to the land by virtue of a purchase made by Jabish Griffing, at a sale made by Richard M. Moore on the 15th day of January, 1844, then late tax collector of Claiborne

county. Their deed shows, that the land was sold for the purpose of paying the taxes assessed thereon for the years 1841 and 1842 against the said Bowen. The deposition of Moore shows, that he paid the taxes to the auditor long before the sale, and that Bowen was not returned as a delinquent. It also shows, that he was not in office on the day of sale.

The mere statement of the case is sufficient to show, that the sale was a nullity. The statute of the 26th of July, 1843, provided, that the office of tax collector, from and after the first day of November then next, should be abolished, and from and after that time, all the duties required by law of the tax collectors should be performed by the sheriffs of the several counties. Laws of 1843, p. 43, § 7. Under this law, the duties of Moore, as tax collector, ceased on the first day of November, 1843. After that day he had neither power to receive taxes from any person, or to resort to any of the remedies given by law to coerce payment. His sale was, therefore, void, and his deed conferred on the purchaser no title whatever.

But leaving out of view the plain provisions of the act of 1843, abolishing the office of the tax collector, there are other objections equally fatal, which may be urged against the sale. The power of a tax collector to sell land in any case, is special, and limited by the end to be accomplished. This end is to coerce the delinquent to pay the taxes which have been assessed against him. Power is, therefore, given by the law to the collector, to compel payment by a sale of the property of the delinquent. This power only exists so long as the party is in default in performing his duty to the government, and can only be exercised by the collector while he is a disinterested party, pursuing the remedy in behalf of the government. Hence, when the taxes have been paid, immaterial by whom, the State is satisfied, and the power of sale, which was given only for the purpose of coercing payment, no longer exists. In the present case, the taxes were paid by Moore long before the sale, and in consequence of this payment he did not report Bowen as a delinquent. It is manifest, that the land was not sold for the purpose of collecting any taxes due by Bowen to the State or

Laurissini *v.* Corquette.

county, but only to reimburse Moore the money which he had advanced. If it be contended, that he had power to sell for this purpose, then it must be shown, to sustain the proposition, that on payment of the taxes he was subrogated to the rights and remedies of the State against delinquent tax payers. Nothing can be found in either the letter or policy of the law, giving countenance to this position.

Thus viewing the question, we are of opinion, that the deed under which the appellants' claim is void, and gives them no title whatever to the land in controversy.

The other objections urged by the counsel for the appellants against the decree, cannot avail them. We might, perhaps, consider them sufficient to reverse the decree, if made by Bowen, who alone can be affected by the irregularities. But he is content with the decree, and is not a party to the appeal. If the appellants had shown any right or title to the land in controversy, then they could object to the decree, so far as it interfered with their rights in this respect. But having shown no such right, they are not in a situation to complain.

Decree affirmed.