PEAY, adm'r. of Shall, vs. FEILD et al.

1. **LIEN:** *Of an agent for taxes paid on land.*

   To entitle an agent or attorney to a lien for taxes paid on land under the provisions of section 5233, Gantt's Digest, he must shew that he was seized or had the care of the land.

2. ———.

   One who executes a note to his agent for money advanced in paying taxes on his land, in which he declares that he recognizes the existence of the statutory lien, does not thereby create a lien where none would exist by the statute.

Peay, adm'r of Shall, vs. Feild et al.

APPEAL from *Pulaski* Chancery Court.

Hon. W. I. WARWICK, Chancellor.

*Rose*, for appellant.

Cited Gantt's Digest, 5233.

*J. M. Moore*, for appellee.

The statute relates only to persons having *control* of land. Feilds was discharged by bankruptcy. No lien could thus be acquired on the homestead, by subrogation to the lien of the State. Const. of 1868, art. 12, secs. 2 and 3. Shall had no lien for the two per cent. interest, over statutory rates.

WALKER, J.:

David F. Shall, in his bill of complaint, alleged that as the agent for William H. Feild, he paid the taxes of Feild on certain real and personal property which amounted to the sum of $542.34. The land is described, upon which the taxes were paid, a receipt exhibited showing such payment. That Feild paid him part of the money, leaving a balance due of $302.34 for the payment of which Feild executed to Shall the following note : ·

"April 1st, 1872. Ninety days after date, I promise to pay to D. F. Shall, or order, $302.34, with interest from date until paid at two per cent. per month for value received, without discount or defalcation. This obligation is given for money advanced to pay my taxes for the year 1871. The tax lien given by law on my property, for which this money was advanced to pay taxes, I hereby recognize. Witness my hand and seal.

"[Signed] W. H. FEILD. [SEAL]."

Plaintiff avers that he holds a lien on the lands, upon which the taxes were paid, for the payment of this money, and concludes with a prayer that he may have judgment for the amount of the debt; that the tax lien be foreclosed, and that the land and town lots be sold to pay the same.

There are several other allegations setting forth that Feild was a bankrupt; that plaintiff was assignee, etc., but, from the view we take of the case, it is unnecessary to notice them.

Feild, who was made a defendant, appeared, and filed a demurrer to the bill, which was sustained, and the bill dismissed.

From this decree Shall has appealed to this court, and, having since died, Peay, his administrator, has appeared and prosecutes the appeal.

The sufficiency of the bill to fix a lien upon the land is the only material question at issue.

Plaintiff, to sustain his right to a lien for the money paid by him for taxes, relies upon the following section of Gantt's Dig., sec. 5233: "Every attorney, agent or guardian, executor or administrator seized, or having the care of lands as aforesaid, who shall be put to any trouble or expense in listing or paying taxes on such lands, or, who has to advance his own money for listing, or paying the taxes on such lands, shall be allowed a reasonable compensation for the time spent, the expense incurred, and money advanced as aforesaid, which shall be deemed in all courts a just charge against the person, for whose benefit the same shall have been advanced, and the same shall be preferred to all other debts or claims, and be a lien on the estate, both real and personal, of the person for whose benefit the same shall have been advanced."

The question is, has the plaintiff stated a case which brings him within the provisions of this act? We think he has not.

In order to entitle him to a lien for money advanced it must be for the payment of taxes upon land which, as attorney, agent, etc., he is *seized or has the care of*. Shall does not aver that he was seized of, or had the care of Feild's land, in any capacity whatever, but he does aver, and he proves too, that he advanced the money for Feild with which the taxes were paid. This is

not sufficient, the additional averment, to create a lien, was- necessary, either that he was *seized of the lands, or had the care of them.* It appears from the instrument executed by Feild, in which he acknowledged the indebtedness, that he declared a recognition of the existence of a lien given by law, on his land for the payment, but, as the law gave no lien, the statement can avail nothing; it is no contract for a lien.

We are of opinion that Shall had no lien upon the property. Feild's estate had gone into bankruptcy. If Shall had a right to recover his debt, it must be asserted against the bankrupt's estate.

Let the decree be affirmed.