## KEMP v. COSSART.

BETTERMENTS: *Taxes and improvements.*

Caruthers purchased land in the name of his son and had it conveyed to him, but took possession himself and occupied and made improvements on it and then sold it to Joseph Cossart. Afterwards the son sold and conveyed it to Kemp. While Caruthers was in possession he represented the land to be his son's, and it was so regarded. After Cossart's purchase he sold to Nancy J. Cossart, who assessed the land and paid taxes on it as her own, and being sued for it by Kemp she asserted title as *bona fide* purchaser, and also claimed reimbursement for the improvements and taxes paid by herself and Caruthers. Held: That the purchase and improvements by Caruthers were an advancement to the son; that he did not hold under any color of title, and therefore Mrs. Cossart could not reclaim the value of the improvements, but could recover the taxes paid by herself. They were a necessary charge upon the land, and paid by her as owner and not officiously, and it was for Kemp's benefit and should be made a lien on the land.

APPEAL from *Clark* Circuit Court in Chancery.

Hon. H. B. STUART, Circuit Judge.

*Crawford & Crawford* for Appellant.

The mortgage executed December 2, 1867, and recorded December 12, 1867, from F. M. Caruthers to Charles Cargile, recites the fact that a deed conveying the lands in controversy had that day been made from said Cargile to said F. M. Caruthers, which deed has been lost and was not recorded, but

still conveyed the title to F. M. Caruthers. *Gilbert v. Bulkly, 5 Conn., 262; Strawn v. Norris, 21 Ark., 80; Neal v. Speikle, 33 Ark., 64.*

If A. B. bought the land for himself and took the title in his son's name, it was to defraud his creditors, as he stated to witness Cargile. (Tr. p. 29.) His creditors might attack F. M. Caruthers' title, but A. B. Caruthers and his privies can derive no advantage from his own wrong. *Randall v. Howard, 2 Black. (U. S.), 585; Clemens v. Clemens, 28 Wis., 637; Payne v. Bruton, 10 Ark., 53; Britt v. Aylett, 11 Ark., 475; Anderson v. Dunn, 19 Ark., 659; Noble v. Noble, 26 Ark., 318.*

A purchase by a father in the name of his child is regarded *prima facie*, as an advancement, and not as a resulting trust for the father. *James v. James, 41 Ark., 301.*

The taxes and betterments claimed by appellee were mere voluntary payments, made, at most, under a mistake of law. As such they can not be recovered, where the persons making the payments were not in possession under color of title and had no interest to be protected. It is a familiar principle that every one is estopped from pleading ignorance of the law. *Chitty on Contracts, 6 Am. ed., 672; 2 Kent's Com., 2 ed., 616 and 617.*

To derive any benefit under the "betterment act" a party must hold under color of title. She does not allege that the sale from Jos. Cossart to herself was in writing, and no deed to her was exhibited with her complaint or referred to in any way at the trial. The above act contemplates possession (before and during the litigation), by the unsuccessful party, and provides that the successful party shall pay to the occupant the taxes and betterments before the court shall cause possession to be delivered. The act furnishes no other remedy. In this case the successful party (within the meaning of the act and in so far as holding the land is concerned), was the appellant; he is already in possession, and the court could not, we submit,

under that act render a decree for taxes and betterments appli-
cable to him.   The act under consideration is in derogation of
the common law, and must be strictly construed.

BATTLE, J.   On the 2d day of December, 1867, A. B.
Caruthers, representing himself as the agent of his son, F. M.
Caruthers, purchased of Charles Cargile, for and in the name
of his son, the land in controversy.   Cargile conveyed the
land to F. M. Caruthers, and he, F. M. Caruthers, gave his
notes for the purchase money payable in the future, and
executed a mortgage on the land to Cargile to secure the pay-
ment thereof.   A. B. Caruthers thereupon took possession of
the land, and cleared and fenced ten acres of it and cultivated
and controlled it for many years and until his death.   As the
agent of his son he paid the most of the purchase money, his
son paying the residue.   While he used the land he paid no
rent, and for the rents he collected he never accounted to any
one.   He also paid taxes on the land.   The value of the
improvements he made is one hundred and twenty dollars.
While in the possession of the land he represented it as the
land of his son, and it was generally so regarded.   On the 7th
day of April, 1872, he, A. B. Caruthers, in consideration of
one thousand dollars, pretended to convey this land, together
with other lands, to Joseph Cossart, but, notwithstanding this
conveyance, he still remained in possession of the land in con-
troversy and controlled and cultivated it as before.   Nancy J.
Cossart, the plaintiff, purchased it of Joseph Cossart, and,
thereafter claiming it as her own property, caused it to be
assessed for taxation in her own name, and paid taxes thereon
amounting in the aggregate to the sum of nine dollars and
forty-four cents.

Meredith Kemp, one of the defendants, being informed and
believing that the land was the property of F. M. Caruthers,
purchased it of him, and on the 8th day of April, 1876, F. M.

Caruthers conveyed it to him. In the fall of 1878 Kemp took possession of the land, and at all times since has held it.

The court below found that the land in controversy was the property of Kemp, but that Nancy J. Cossart, the plaintiff, and her grantors, had paid forty-seven dollars and thirty-six cents taxes thereon, and that A. B. Caruthers had made improvements thereon of the value of one hundred and twenty dollars; and rendered a decree in favor of Kemp, forever quieting his title to the land in controversy as against all parties to the action, except as to a lien declared by the court, and rendered a judgment *in personam* in favor of plaintiff against Kemp for one hundred and sixty-seven dollars and thirty-six cents, the amount of taxes paid and value of improvements, and all the costs of the action, and declared that this amount was a lien and charge on the land. Both parties have appealed.

If it be true that this land was purchased and paid for by A. B. Caruthers, and that the same was conveyed, at his request, to F. M. Caruthers, his son, the presumption, in the absence of other evidence, is that the conveyance was intended as an advancement. If such be the fact, there was no evidence introduced in the hearing of this action sufficient to overcome this presumption. *Robinson v. Robinson, 45 Ark., 481.*

<div style="float:right">1. BETTER-<br>MENTS: Taxes<br>and improve-<br>ments.</div>

According to any view which can be properly taken of the evidence in this case, Kemp is entitled to the land in controversy.

A. B. Caruthers, or those holding under him, are not entitled to any compensation for improvements made by him. He was not in possession under color of title. During the time he was making these improvements he represented that the land was his son's. The natural and legal presumption is, the improvements were made by him as an advancement to his son. While he made the improvements and remained in possession he used the land, or enjoyed the rents and profits arising therefrom, free of charge.

4——47

Plaintiff, Nancy J. Cossart, claiming the land as her own, paid nine dollars and forty-four cents taxes thereon. These taxes were a paramount lien on the land. Their legality is not disputed. It was the duty of the owner to pay them. This was necessary to protect his interest. She did not act officiously in paying them, but presumably in good faith, and for the purpose of protecting and saving property she claimed. Kemp received the benefit of the payments made without any return thereof. She is entitled by subrogation to reimbursement out of the land to the extent of nine dollars and forty-four cents.

The court erred in rendering judgment against Kemp for one hundred and sixty-seven dollars and thirty-six cents, and declaring the same a lien on the land. Plaintiff was only entitled to a lien for the nine dollars and forty-four cents for taxes paid.

The decree of the court below is, therefore, reversed in so far as it is inconsistent with this opinion, and in other respects. is affirmed, and this cause is remanded with directions to that court to enter a decree herein in accordance with this opinion.