BELLECLAIR PLANTING CO. *v.* HALL.

Opinion delivered July 10, 1916.

1. TAXES—PAYMENT BY ATTORNEY—COMPENSATION UNDER KIRBY'S DIGEST, § 7131.—An agent or attorney cannot recover compensation for paying taxes on defendant's lands under Kirby's Digest, § 7131, where he has not brought himself within the terms of the statute by averring or showing that he was seized of or had the care of the defendant's lands in any capacity.

2. TAXES—PAYMENT FOR ANOTHER—RECOVERY—LIEN.—Appellee paid certain taxes on certain real estate at the request of the owner, the latter agreeing to reimburse him. *Held*, under the facts, the land was charged with a lien in appellee's favor for the amount paid out by him.

Appeal from Mississippi Chancery Court, Osceola District; *Chas. D. Frierson*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

C. B. Hall instituted this action in the chancery court against the Belleclair Planting Company and A.

J. Peifer to recover the amount of taxes paid by him on lands belonging to the defendant corporation which he alleges he paid under an agreement with the representative of the defendant. He prayed judgment for the amount of taxes paid by him and asked that the same be charged as a lien on the lands on which the taxes were paid. The material facts are as follows:

O. R. Lilly was the owner of large tracts of lands in Mississippi County, and on the 2nd day of December, 1911, he executed to the Belleclair Planting Company, a corporation organized by him, a deed to 1570 acres of land in Mississippi County, Arkansas. He covenanted in the deed that he would pay all taxes assessed against the land for the year 1911. On the 31st day of May, 1912, C. B. Hall, sheriff and collector of Mississippi County issued a tax receipt for said lands to the Belleclair Planting Company and accounted to the state and county for the taxes on said lands. At the time O. R. Lilly was the president of the corporation and had charge of its affairs.

Hall testified that Lilly at the time resided in Mississippi County and told him to issue the tax receipt and that the Belleclair Planting Company would pay him the taxes. He said that he would not have issued the tax receipt at the request of Lilly individually because he knew that while Lilly owned large quantities of land, he was insolvent.

Lilly testified for the defendant and said that he was not acting for the Belleclair Planting Company at the time he requested the issuance of the tax receipts in controversy, but was acting for himself. He said that he paid part of his taxes and that the collector extended credit to him for the balance; that he executed to the collector his note for the balance of the taxes.

The chancellor found the issues for the plaintiff and a decree was entered accordingly. The defendants have appealed.

*J. N. Thomason* for appellants.

1.  Appellee did not bring himself within the statute and the court erred in overruling the demurrer. The complaint did not aver that appelle was either an agent, attorney or other things mentioned in the statute; nor that he was seized or had the care of the lands, but on the contrary alleges that he was sheriff and collector and issued the receipt at the request of Lilly, who was president and agent; but there was no proof that Lilly was the agent at the time or any other time for the company. 43 Ark. 521; 30 *Id.* 600. No lien was created, *Ib.*

2.  Appellee was not subrogated to the lien of the State—he was a mere volunteer. 17 Am. & Eng. Ann. Cas. 1136; 76 Fed. 673; 56 Ct. J. Eq. 547.

3.  Appellee could not have acquired any greater right than Lilly could have acquired. The receipt contained land not owned by appellant.

4.  The president could not bind the corporation by his acts. The board of directors did not authorize or ratify. 2 Cook on Corp. 1766-8; §716; 37 N. J. L. 98; 25 Ore. 364; 35 Pac. 304; 62 Ark. 37.

5.  The credit was extended to Lilly and not to the company. There is no equity in the claim.

The appellee *pro se.*

1.  Appellee had a lien for the amount of the taxes paid on request of the president of the corporation. Kirby's Digest, §7131.

2.  Appellee was subrogated to the State's lien for taxes. 54 Atl. 586; 122 Ind. 372; 80 *Id.* 443; 44 Atl. 771; 16 So. 487. Subrogation is not founded on contract—it is a creation of equity. 124 W. S., 534; 19 N. E. 199; 78 N. W. 303; 44 Pac. 292; 59 N. E. 867; 4 Am. St. 484; 32 Ark. 258; 44 *Id.* 504; 31 *Id.* 334.

3.  The corporation is bound by the act of its president. Clark on Corp. 496, 498-9, 500.

4.  The rule is where either paragraph of a complaint states a cause of action, the whole complaint is not demurrable. 72 Ark. 29.

HART, J. (after stating the facts). Counsel for the defendants claim that this suit was instituted under Section 7131 of Kirby's Digest and that the decree should be reversed under the authority of *Woodall* v. *Delatour*, 43 Ark. 521 and *Peay* v. *Feild*, 30 Ark. 600. Section 7131 of Kirby's Digest was in force at the time the decisions in the cases referred to were rendered and reads as follows:

"Every attorney, agent, guardian, executor or administrator, seized or having the care of lands as aforesaid, who shall be put to any trouble or expense in listing or paying the taxes on such lands, shall be allowed a reasonable compensation for the time spent, the expenses incurred and money advanced as aforesaid, which shall be deemed in all courts a just charge against the person for whose benefit the same shall have been advanced, and the same shall be preferred to all other debts or claims, and be a lien on the real estate as well as the personal estate of the person for whose benefit the same shall have been advanced."

(1) In each of those cases there was no averment that the person who paid the taxes was seized of or had the care of the owner's land in any capacity. The amount paid for taxes on the personal property was included in the judgment and declared to be a lien upon the real estate. There was no distinction recognized by the trial court as to whether the taxes were paid on personal or real estate. The court held that it was error to hold that there was a lien upon the real estate for taxes paid on the personal property, because the person paying the taxes did not bring himself within the terms of the statute. So here the plaintiff would not be entitled to recover under section 7131 of Kirby's Digest because he has not brought himself within the terms of the statute by averring or showing that he was seized of or had the care of the defendant's land in any capacity. It does not follow however that because he was not entitled to recover under this statute, that he was not entitled to recover at all.

Subrogation is an equitable and not a legal right. Being a creature of equity it will not be enforced where it will work an injustice to those having an equal equity. It is contended by counsel for the defendant that Hall paid the taxes at the request of Lilly individually and that Lilly covenanted in his deed to the Belleclair Planting Company when he conveyed the lands to it, that he would pay the taxes for the year 1911. Hence they claim that if it be conceded that Hall acquired any right of subrogation by the issuance of the tax receipts and payment of the taxes at the request of Lilly, that right must be subject to the prior equity of the defendant corporation on the covenant in the deed of Lilly.

Counsel would be correct in this contention if this testimony was undisputed or if the chancellor had found the facts in their favor. The chancellor, however, found against them as to the facts on this point. The chancellor found that Lilly as a representative of the Belleclair Planting Company made an agreement with the sheriff to issue a tax receipt to the lands to that corporation and agreed that the corporation would pay him back the taxes. At the time the agreement was made Lilly resided in Mississippi County and had charge of the affairs of the corporation and was president of it. He was known to be insolvent by the sheriff, who stated that he would not have made such an agreement with Lilly individually. Under these circumstances we think that Lilly had the apparent, if not the real authority, to make the agreement testified to by Hall, for the corporation, in regard to the payment of the taxes, and that the chancellor was warranted in so finding. Under this finding there was no prior equity in favor of the defendant corporation.

(2.) Hall paid the taxes at the request of the defendant corporation and under an express agreement upon its part that it would repay him therefor. He is entitled to judgment against the corporation for the amount of taxes so paid. The legality of the taxes is not disputed. They were a paramount lien on the lands. It was the duty of the owner to pay them. This was necessary to protect its interest. Hall did not act officiously in paying the

taxes. He acted in good faith upon the express promise of the corporation to repay him. No prior equities intervened and no right of a third party would be affected by charging the land with a lien in favor of Hall for the ' taxes paid by him.

While it might not be said that Hall is entitled to enforce the lien of the State on the said lands by way of subrogation, yet under the circumstances of this case we are of the opinion that a lien in his favor arises in equity, tl at will protect him and that he is entitled to have the lands charged with a lien for the payment of the taxes on them.

Therefore the decree will be affirmed.

HART, J. (on rehearing). Lilly testified that he was president of the corporation at the time he made the agreement with Hall in regard to the issuance of the tax receipt and the payment of the taxes by the corporation. Lilly at that time had charge of the local affairs of the corporation and we adhere to our original opinion that the contract which he made with Hall in regard to the payment of the taxes was a valid one and bound the corporation. But it is insisted by counsel for appellant that the equities of the corporation are superior to those of Hall and for that reason Hall should not be entitled to recover in this case. They based their contention on the fact that Peifer, who succeeded Lilly as president of the corporation went to the sheriff's office on the day before the day of sale of lands for delinquent taxes and inquired if Lilly had paid the taxes on the land and that he was told by a deputy sheriff that all the taxes had been paid and that he so reported to the corporation. It will be noted that this inquiry was not made of Hall with whom Lilly made the original agreement. The deputy sheriff to whom the inquiry was made knew nothing about the agreement Hall had made with Lilly and was not the agent of Hall with reference thereto. He was only clothed with the power to collect taxes and to give tax payers any information contained upon the tax records. He was in no sense the agent of Hall in regard to the agreement

made by him with Lilly as to the payment of taxes by the corporation and under these circumstances, we do not think the equities of the corporation are superior to those of Hall.

Therefore we adhere to our original opinion and the motion for rehearing will be denied.