NEW YORK LIFE INSURANCE COMPANY *v.* NICHOL.

Opinion delivered March 22, 1926.

TAXATION—PAYMENT BY STRANGER—SUBROGATION.—A stranger, having no interest in mortgaged land, who pays the taxes thereon at the mortgagor's request, will not be subrogated to the lien of the State and county, as against the lien of the mortgagee.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

### STATEMENT BY THE COURT.

The New York Life Insurance Company brought this suit in equity against Reese N. Burks to foreclose a mortgage on real estate in Jefferson County, Ark. The complaint alleges that the debt was past due, and asked for a sale of the land in payment of the mortgage indebtedness.

Burks filed an answer admitting the allegations of the complaint. C. M. Nichol was allowed to intervene, and ask to be subrogated to the lien of the State for certain improvement district and county and State taxes levied on said land which he had paid.

The record shows that on the 5th day of March, 1920, Reese N. Burks executed a mortgage on the land in question to secure an indebtedness due by him to the plaintiff in something over $40,000. At the request of the mortgagor, C. M. Nichol, as sheriff and ex-officio collector of taxes in Jefferson County, paid the improvement district and county and State taxes on said land for the year 1922 in the sum of $885.12. Reese N. Burks has failed and refused to pay said sheriff and collector the amount of taxes so paid by him on said land. The record shows that the mortgage was duly recorded, and was a prior lien on the land at the time the payment of said taxes was made.

The chancellor was of the opinion that C. M. Nichol, as sheriff and ex-officio collector of taxes, was entitled to be subrogated to the lien of the State for the amount of State, county and improvement district taxes paid by

him, and that his lien was paramount to the mortgage lien of the plaintiff. A decree foreclosing the mortgage was duly entered of record, and it was provided that the proceeds of the sale of the mortgaged property should first be applied to the payment of the judgment in favor of C. M. Nichol for the taxes paid by him, and that the remainder should be applied towards the satisfaction of the mortgage indebtedness.

To reverse the decree in favor of the intervener C. M. Nichol, the plaintiff, New York Life Insurance Company, has duly prosecuted an appeal to this court.

*H. H. Barker,* for appellant.

*Rowell & Alexander,* for appellee.

HART, J., (after stating the facts). At the outset it may be stated that the lien sought to be enforced by the tax collector does not derive its validity from § 10053 of Crawford & Moses' Digest providing that certain agents paying taxes upon the lands of their principal, of which such agents have the care, are entitled to the benefits of the State's lien for taxes. See *Peay* v. *Field,* 30 Ark. 600, and *Woodall* v. *Delatour,* 43 Ark. 521. This court has also laid down the rule that a mortgagee or other lienor who, for the protection of his own interest, pays taxes assessed on the property, will be subrogated to the tax lien for his reimbursement. *Ringo* v. *Woodruff,* 43 Ark. 469, and *Lester* v. *Richardson,* 69 Ark. 198. Then too subrogation is allowed where payment is made under a mistake as to ownership. *Kemp* v. *Cossart,* 47 Ark. 62.

We do not consider that the case of *Belleclair Planting Co.* v. *Hall,* 125 Ark. 203, controls the present case. In that case there was evidence tending to support the finding of the chancery court to the effect that a tax collector paid the taxes at the request of the agent of the corporation owning the land, and under an express agreement upon its part that it would repay him therefor. No right of a mortgagee or other lienor was involved. The court expressly stated that no prior equities intervened, and that no rights of a third party would be affected by

charging the land with a lien in favor of the tax collector for the taxes paid by him.    The court recognized that the tax collector was not entitled to enforce the lien of the State on the land by way of subrogation; but held that, under the peculiar circumstances, a lien existed in his favor against the land.    It is evident, from the language used, and from the reasoning of the court considered as a whole in that case, that the lien would not have been enforced if by any possibility the rights of third parties could have been affected.    Thus it will be seen that, independently of statute allowing it, the right of subrogation must either arise out of the circumstances that the party asking subrogation was interested in the property, and entitled to pay the taxes in order to protect his interest, or he must have made the payment at the request of the owner with the understanding that he should be subrogated, and that no rights of third parties intervened.

The case of *Belleclair Planting Company* v. *Hall,* 125 Ark. 203, was an extreme case, and the present case does not fall within it.    It will be readily seen that it would not do to apply the principles of that case to one where the interests of persons having prior liens might be injuriously affected.    The general rule is that, in the absence of a statute conferring it, the sheriff can not be subrogated to the rights and remedies of the State for the collection of taxes.    The rule is clearly stated by the Kentucky Court of Appeals in *Gibson* v. *Western & Southern Life Insurance Co.,* 161 Ky. 810, 171 S. W. 390, L. R. A. 1915D, p. 697.    In that case it was expressly held that, in the absence of a statute permitting tax officials to assign tax claims, a property owner cannot by contract confer a right of subrogation to the claims of the public upon a stranger who pays his taxes at his request, which will preserve a lien superior to that of existing mortgages on the property, although the tax collector attempted to preserve the lien by assignment on the taxbooks.    As sustaining the rule, see also *Griffing* v. *Pintard,* 25 Miss. 173; *Hinchman* v. *Morris,* 29 W. Va. 673, 2 S. E. 863; *Repass* v. *Moore,* 98 Va. 377, 36 S. E. 474; *Wallace's*

*Estate,* 59 Penn. 401; *Mercantile Trust Co.* v. *Hart,* 35 L. R. A. 352, 76 Fed. Rep. 673; and *Aetna Life Ins. Co.* v. *Middleport,* 124 U. S. 534.

If the taxes are paid by the owner of the land, the lien is discharged. If paid by a stranger, the lien would continue in force. While not a volunteer in the ordinary sense of the word, the intervener was a volunteer in its legal sense; for his act in paying the taxes was not necessary to protect any interest which he had in the property, and might operate to the injury of the mortgagee.

The result of our views is that the chancery court erred in decreeing that the amount of taxes paid by C. M. Nichol as sheriff and collector of Jefferson County was a superior lien on the land to the mortgage of the New York Life Insurance Company.

It follows that the decree in this respect will be reversed, and the cause will be remanded with directions to the chancery court to dismiss the intervention of C. M. Nichol for want of equity.