PERSON *v.* COGBILL.

Opinion delivered December 16, 1929.

*T. E. Lines,* for appellant.

*J. C. Brookfield,* for appellee.

KIRBY, J. Appellee brought this suit against appellant to recover taxes paid by him on lands of appellant, under an alleged express promise of the appellant to repay the amount of the taxes, and to enforce the State's lien for taxes against the lands upon which the taxes were paid, and from the judgment in his favor the appeal is prosecuted.

It appears that appellee had purchased a tract of land from the Cross County Investment Company, containing several hundred acres, of which he sold and conveyed 80 acres to the appellant. The entire tract was comprised mainly of fractional units, and the 80 acres sold were described by metes and bounds and of a very irregular shape. The 80-acre tract of land was assessed with the entire tract at the time of the sale to appellant, and continued to be so assessed and paid on by the appellee.

Appellee alleged in the complaint that, by virtue of an express agreement between the parties, he was to pay the taxes until such time as appellant should have the land surveyed and properly assessed as his own.

Any such agreement was denied by appellant, who alleged that he protested against the payment of taxes on his lands by appellee, and pleaded laches and the three-year and seven-year statutes of limitations. He also alleged that, after ineffectual efforts to have this 80-acre tract of land separately assessed, there appeared on the assessment records an 80-acre tract in the vicinity of his land, which was assessed to him, and upon which he paid the taxes for several years, until he discovered that this tract was not the one he had purchased, and belonged to appellee.

Appellee had purchased the larger tract of land from the Cross County Investment Company in the first instance, and, before payment therefor, had then sold and conveyed the 80-acre tract, a part of such purchase, to appellant, the deed being made from the investment company, himself and Brown, upon appellant's paying $400 in cash and the execution of a mortgage to secure the balance, which later was paid by borrowing money upon a mortgage to a third party as security.

Appellee testified in a general way that he had paid the taxes on lands sold to appellant since 1910, but admitted that he had no special agreement with Person that he should refund the money or pay it back. Appellant denied having requested appellee, Cogbill, to pay the taxes or having made any agreement to reimburse him therefor. It also appears that appellant had refused to repay the taxes upon demand made therefor when his land was taken off and separated from the land of appellee, said he was not going to pay any more taxes until his land was separately assessed, which was about three years after the purchase of the land, and the statement was not denied by appellee.

Appellee, after alleging that appellant was the owner of the land and bound to repay the taxes advanced by him under express agreement, amended his complaint to allege the land was unpaid for, and other lands had been conveyed to appellant in lieu thereof, and that he himself

was the owner of the lands in question, and also claimed title thereto by adverse possession and payment of taxes.

Appellant insists that the finding and decree of the chancellor are contrary to the preponderance of the testimony, and his contention must be sustained. Appellee failed to bring himself within the provisions of the statute, § 10053, C. & M. Digest, there being no substantial testimony conducing to show that he paid the taxes on appellant's lands in the capacity of an agent or attorney, etc.; he does not even claim to have done so, and he was not entitled to enforce a lien for any payment of taxes thereunder. *N. Y. Life Ins. Co.* v. *Nichol,* 170 Ark. 791, 281 S. W. 21; *Belleclair Planting Co.* v. *Hall,* 125 Ark. 203, 188 S. W. 574. Appellee was but a stranger and a volunteer in the payment of taxes on the lands in the legal sense, since he had no interest in the lands to protect by such payment. *N. Y. Life Ins. Co.* v. *Nichol, supra.*

The testimony, as already said, does not support the finding of the chancellor that there was an express promise on the part of appellant to refund the taxes advanced and paid on his lands by appellee, the preponderance of the evidence being rather contrary thereto, in the opinion of this court, and the chancellor erred in so holding.

Certainly appellee, who had no interest in the land to protect, could not pay the taxes upon appellant's land for 15 years, for much of the time contrary to his express protest, and still expect to recover the amount so paid and enforce the State's lien for the collection thereof, and in no event could he have recovered, the statute of limitations being pleaded, more than the amount of the taxes for three years, had the evidence supported his contention of an express promise by appellant to repay the taxes.

It follows that the chancellor erred in holding otherwise, and the decree is reversed, and cause dismissed.