STATE, USE WOODRUFF COUNTY, *v.* FARMERS' NATIONAL BANK.

4-5013

Opinion delivered March 7, 1938.

Jonas F. Dyson, for appellants.

Robert S. McGregor, W. W. Sharp and Marvin B. Norfleet, for appellees.

McHANEY, J. An audit by the state comptroller of the accounts of R. H. Smith, former collector of Woodruff county, completed in January, 1935, reflected a shortage of $4,714.03 due the county and $2,765.69 due the state, on his settlement made in 1932 for 1931 taxes. A judgment was entered against him and the surety on his bond in the county court for said sums, plus a 25 per cent. penalty and with interest from the date of the order, July 1, 1935. An appeal was taken from this judgment to the circuit court.

On August 26, 1935, a consent judgment was entered in the circuit court by which the surety on the collector's bond, Consolidated Indemnity & Insurance Company, was found to be insolvent, and the sureties on its qualifying bond, being parties to the suit, agreed to and did pay $2,000 in cash, and said R. H. Smith would and did surrender and turn over to appellants twenty-five tax receipts held by him, aggregating $1,878.77, for 1931 taxes, which said receipts had never been delivered to the persons liable for the taxes and no part of which taxes had been paid, and the judgment recites that for this consideration appellants would release Smith and the other defendants from further liability. The court further found that of the $2,000 cash paid, the state should receive

$500 and the county $1,500. Among the tax receipts above mentioned which were issued and held by the collector, but for which he had not been paid, although the tax records showed payment, were two, one of which was issued in the name of Farmers' National Bank and the other in the name of S. J. Jeffett. The former covered property owned by the bank, including the tax on its shares of stock, while the latter covered property on which the bank had a mortgage and which it subsequently acquired. The Farmers' National Bank was closed by order of the President of the United States on March 6, 1934. It was found to be insolvent and J. W. Watson was appointed receiver on March 19, 1934. In 1936, the date not being shown, the receiver, by order of court, sold one of the tracts of real estate owned by the bank, the north 100 feet off the west half of lot 15 in block 16 of the city of Cotton Plant, to appellee, S. J. Dean, for a consideration of $5,000 paid in cash. Thereafter, on December 31, 1936, appellants brought this action against appellees, setting up the matters heretofore stated and alleging that they have a lien against the properties mentioned in said tax receipts for taxes for the year 1931, and praying a foreclosure thereof.

Separate answers were filed by Dean and the receiver joining issue on the right of appellants to recover. Dean set up the plea of innocent purchaser and the receiver pleaded the judgment of the circuit court as *res judicata*. The cause was submitted to the court on the pleadings, records, stipulations and testimony taken, from all of which the court found against appellants and dismissed the complaint for want of equity. The case is here on appeal.

We think the undisputed facts show that when the collector, Smith, issued the tax receipts in question to the Farmers' National Bank and marked the tax record so as to show the taxes paid on the property mentioned in said receipts without delivering same to the bank and collecting therefor, he extended personal credit to the bank for the amount of the tax receipts, and he and the surety on his official bond became liable to the state and the county for the amount thereof. In *Taaffe* v. *Sander-*

*son,* 173 Ark. 970, 294 S. W. 74, we said: ''The collector issued the poll tax receipts for this firm in apt time, but actual payment therefor was not made by the firm until required by the collector before settlement. The effect of this transaction was that the collector extended credit to this firm, in accordance with the usual and almost, if not entirely, universal custom so to do in the case of banks, trust companies and other large taxpayers, who pay taxes not only for themselves, but for their customers and clients. . . . . The collector is responsible on his official bond for any credit extended taxpayers, and is not even subrogated to the state's right of lien. *N. Y. Life Ins. Co. v. Nichol,* 170 Ark. 791, 281 S. W. 21.''

Here, the collector extended credit to the bank for the amount of its taxes. He could and should have collected from the bank prior to making his settlement, or he should have canceled the receipts so issued and marked the record so as to show that the taxes due on the bank's property had not been paid. He undoubtedly had a right of action against the bank for the amount of the credit extended, although he was not subrogated to the state's lien by extending the tax.

Appellants had their right of action against the collector and the surety on his bond, which right of action it pursued to a judgment in the county court and a judgment in the circuit court where it compromised with the collector and accepted from qualifying sureties of the bondsman of the collector a sum in full satisfaction of any claim they had against him. By so doing, we are of the opinion that appellants extinguished all the rights they had in the premises. In so far as the real estate covered by the tax receipts herein is concerned, there could in no event be a personal judgment against the owner for the tax due thereon and the tax records themselves showed that the taxes had been paid and that the lien of appellants was extinguished by payment. As to appellee Dean, the undisputed facts show that he purchased from the receiver of the bank in 1936, without any notice that the bank had failed to pay its taxes for 1931 and with the record showing that the taxes had been paid. An examination of the records disclosed that there

was no unpaid tax against the property purchased by him for 1931 or any other year.

In this view of the matter, the decree of the chancery court dismissing the complaint of appellants for want of equity is correct and must be affirmed. It is so ordered.