TURNER *v.* GROVE LAND & TIMBER COMPANY.

4-7602 188 S. W. 2d 121

Opinion delivered June 11, 1945.

*C. M. Martin,* for appellant.

*McRae & Tompkins,* for appellee.

GRIFFIN SMITH, Chief Justice. The only issue we are asked to resolve is whether the Court erred in requiring the party who prevailed on his plea of adverse possession to reimburse the loser for taxes paid during years the record title claimant had discharged such obligations.

Litigation began when Grove Land and Timber Company sued to cancel mineral deeds executed by Annie N. Newton. This grantor had purchased from the heirs of Adeline Turner, mother of Nolan Turner; and Turner, having occupied eighty acres, contends his possession was adverse and ripened into title. Shortly after the Grove Company's suit was begun, Nolan Turner instituted his action to cancel a deed executed by his father, Chester Turner,[1] to T. G. Boswell. The Grove Company claimed through mesne conveyances. Inasmuch as the Grove Company did not appeal from the decree sustaining Nolan Turner's claim through adverse possession, and has agreed that the controversy be limited to the tax question, other references to the chain of title are unnecessary.

It was stipulated that subsequent to 1910, persons other than appellant or those through whose possession he claimed, paid the taxes.

---

[1] Chester Turner's wife, Agnes, whom he is alleged to have married after abandoning Adeline Turner (appellant's mother) joined in the deed to Boswell.

Appellant testified that his mother made "ten or twelve payments," beginning the year the abandoning husband made an oral gift of the land. Appellant, on several occasions, went with his mother to the Collector's office, where she was told the taxes had been paid. Records introduced by appellee disclosed that the payments were made by the Grove Company or its predecessor in title.

The Grove Company's proof of tax payments appears to have been made as an incident to its claim of ownership. Its written pleadings do not, in the alternative, pray for refund. We do not decide whether, in this condition of the record, Turner should have pleaded the three year statute of limitation. Our view is that the Court properly imposed the condition that, as a prerequisite to his plea for equitable dispensation, Turner was required to reimburse the defendant for money necessarily applied to protect its property, full benefits of which went to the plaintiff to prevent forfeiture.

Appellant relies upon such cases as *St. Louis Iron Mountain Rlwy. Co.* v. *Blaylock,* 121 Ark. 402, 181 S. W. 302; *Person* v. *Cogbill,* 180 Ark. 664, 22 S. W. 2d 161; *Brookfield* v. *Rock Island Improvement Corporation,* 205 Ark. 573, 169 S. W. 662, and similar decisions.

In the Blaylock case the Railway Company sued in chancery to have its title quieted. With his answer the defendant moved to transfer to law, and this was done; whereupon the Railway Company amended its complaint, alleging that under an honest belief in its title taxes had been paid, and contending that to the extent of such payments it should have an equitable lien. Circuit Court refused to surrender jurisdiction. On appeal this Court held that error was not committed in refusing the requested transfer, and in the failure to adjudge reimbursement for taxes.

Substance of the Person-Cogbill case is that no lien accrues in favor of one who pays taxes if the claimant ". . . [is] but a stranger and a volunteer in the payment of taxes on the lands in the legal sense, since he

[has] no interest in the lands to protect by such payment.''

In the instant case the Grove Company did have an interest to protect. It had a record title as to which there is no suggestion of fraudulent procurement; and certainly it was not charged with notice Turner would claim that his occupancy was adverse.

In the Brookfield-Rock Island case the Improvement Company, according to the statement (p. 574), ''. . . sued J. C. Brookfield alleging that, under a *bona fide* claim of title, it had paid taxes for many years on lands owned by Brookfield.''

The defendant pleaded the three year statute of limitation. We held the trial Court was in error in not sustaining the plea. But the opinion, by express language, states the facts to be that the plaintiff had paid taxes on land owned by Brookfield. It could not, therefore, become the beneficiary of equitable relief in a proceeding it instituted, when met by the legal defense of limitation.

In *Kemp* v. *Cossart,* 47 Ark. 62, 14 S. W. 465, a tax lien was declared in the following circumstances: A, as agent for his son, B, purchased certain lands, the conveyance being to B. A occupied the property, cultivated it, made improvements, but said it belonged to his son. A, disregarding the son's interest, executed a deed to C, and C sold to the plaintiff, who caused it to be assessed for taxes in her own name, and thereafter made payments. B sold to the defendant, who took possession. In disallowing reimbursement for improvements this Court held that as to taxes paid by the plaintiff she was entitled to subrogation, saying: ''It was the duty of the owner [to pay taxes]. This was necessary to protect his interest. She did not act officiously in paying them, but presumably in good faith, and for the purpose of protecting and saving property she claimed. [The defendant] received the benefits of the payments. . . .''

The Kemp-Cossart decision is cited in *Holloway* v. *Bank of Atkins,* 205 Ark. 598, 169 S. W. 2d 868, where Cooley on Taxation is quoted to the effect that if taxes

are paid under a mistake as to ownership, recovery may be had from the person who should have paid them.[2]

Affirmed.

---

[2] *Brookfield* v. *Rock Island Improvement Company,* cited in the body of this opinion, is annotated in 147 A. L. R., p. 451 *et seq.*