WALSH v. BUCKNER.

4-7735                                          190 S. W. 2d 447

Opinion delivered November 12, 1945.

Rehearing denied December 10, 1945.

*A. D. Chavis,* for appellant.

*Henry W. Smith,* for appellee.

SMITH, J. Appellant filed a petition to confirm his title to the east half, northwest quarter, section 18, township 3 south, range 10 west. The statutory notice of the filing of the petition was published, proof of which was made an exhibit to the petition. The proceeding ceased to be *ex parte* and became adversary, when a summons was served on Lena Vaughn Buckner, who filed an answer and cross-complaint. These pleadings, with the answer to the cross-complaint, contain allegations which we think are extraneous, and confuse the issues upon which the case must be decided.

No testimony was taken, and the cause was submitted upon an agreed statement of facts, which dealt with the northeast quarter, northwest quarter and the southeast quarter, northwest quarter, which together comprise the east half, northwest quarter, as separate tracts of land.

The petition alleged, and the allegation is not denied, that Cornelius Vaughn obtained a patent from the United States, dated July 23, 1888, to the east half, northwest quarter, and the book and page thereof in which the patent is recorded in Jefferson county, where the land is situated, was given. In the stipulation of the parties, it is recited that a patent from the United States issued to Cornelius Vaughn to the southeast quarter, northwest quarter, the book and page in which it is recorded, being that alleged by petitioner. However, the parties treat Cornelius Vaughn as the source of the title so far as this litigation is concerned. Cornelius Vaughn was survived by a daughter, Hettie Franklin, and a son, H. F., who is the father of the defendant, Lena Vaughn Buckner, who

obtained deeds from her father and aunt, dated July 25, 1936, which would vest title in her, if it was not lost by the proceedings presently referred to.

Both 40-acre tracts were included in a suit brought by Road Improvement District No. 4, of Jefferson county, to enforce payment of delinquent taxes due the road district. Foreclosure of the district's lien was decreed and F. M. Reeves was made commissioner to sell the lands, and after the sale thereof, the commissioner, on July 17, 1918, executed a deed to Jake Cohn and Irving Reinberger, conveying both 40-acre tracts.

Suit was brought by the Jefferson County Bridge District to foreclose its lien against the northeast quarter, northwest quarter, and in the decree foreclosing this lien, S. F. Vaulx was named commissioner to sell the land, and under its authority northeast quarter, northwest quarter was sold to Jake Cohn, and the commissioner executed a deed to Cohn on July 27, 1921.

A decree was rendered in the suit of Road Improvement District No. 4 to enforce its lien for subsequent unpaid betterment assessments due it on the southeast quarter, northwest quarter, pursuant to which a sale was made by S. F. Vaulx, named as commissioner in the foreclosure decree, to Richard Franklin, and on November 1, 1920, Vaulx executed a commissioner's deed to Franklin.

Under the provisions of § 1844, Pope's Digest, these commissioner's deeds are ''evidence of the facts therein recited, and of the legality and regularity of the sale of the lands so conveyed until the contrary be made to appear,'' and no attempt was made to make that showing.

Hettie Franklin brought suit for divorce against Richard, her husband, and in the decree awarding her divorce, it was adjudged that she, and not her husband, was the owner of the southeast quarter, northwest quarter, this being the land conveyed to Richard, her husband, by S. F. Vaulx, above referred to. This decree was rendered September 20, 1923, and on October 1, 1923, thereafter, Hettie Franklin conveyed that tract to A .D. Chavis, by warranty deed, which was not filed for record until'

November 17, 1930. This filing date is nearly six years prior to the date of the deed to Lena Buckner from H. F. Vaughn, her father, and Hettie Franklin (then Holt), her aunt.

On August 4, 1939, A. D. Chavis obtained a quitclaim deed from Jake Cohn and wife to the northeast quarter, northwest quarter, and by mesne conveyances from Chavis to petitioner, such title as Chavis had to both 40-acre tracts passed to petitioner, who brought this suit to quiet and confirm his title.

The stipulations of counsel recite the facts herein stated, and give a separate history of the payment of general taxes on each 40-acre tract. This statement shows that the taxes have been kept down and were usually paid by Lena Buckner, but rarely in the year in which they were payable, but by way of redemptions from delinquent tax sales, one such redemption covering the years 1937, 1938 and 1939. For the year 1935 the taxes on the southeast quarter, northwest quarter, were paid by Gordon L. Chavis, who had received a deed from, and later reconveyed to A. D. Chavis, and the taxes on the northeast quarter, northwest quarter for the year 1942 were paid by A. D. Chavis.

It is stipulated by the parties, and in the brief filed by Lena Buckner's counsel it is said that "all the land is wild and unimproved," and the decree from which is this appeal finds and recites that fact.

The decree "finds that the petition of the plaintiff should be dismissed for the want of equity, for the reason that the plaintiff has not established his title to the said land." The decree further finds that "the defendant has had open, peaceable, adverse, and uninterrupted possession of said lands for a period of more than seven years next before the filing of the petition that the defendant's plea of the statute of limitations should be granted and that the title in and to said lands should be quieted and confirmed in the defendant, Lena Buckner." This appeal is from that decree.

This finding as to possession contravenes the stipulation of the parties that the land is wild and unimproved, and can be sustained only upon the theory, if at all, that possession attached under § 8920, Pope's Digest, as the result of the payment of taxes for a period of seven years. But it cannot be sustained upon that ground for the reason that, although appellees may have paid more than seven years taxes, they were not paid in the year in which they were payable, and were paid more often than otherwise by redemptions from tax foreclosures, and it was held in the case of *Wyse* v. *Johnston,* 83 Ark. 520, 104 S. W. 204, that the payment of taxes by way of a redemption from a tax sale was not a payment within the meaning of § 8920, Pope's Digest. It was said in this opinion, in the Wyse case, *supra,* that "paying taxes and redeeming from tax sales are two separate and distinct things. One cannot be construed as the other when each has a separate, distinct meaning, well defined in law and well known to the public." See, also, *Price* v. *Greer,* 89 Ark. 300, 116 S. W. 676. It follows, therefore, that appellee's title cannot be quieted upon the theory that she had had possession for as long as seven years.

It appears from what has been said that appellant does have the apparent and *prima facie* title to the northeast quarter, northwest quarter, having acquired by *mesne* conveyances the title conveyed by Vaulx, commissioner, to Jake Cohn, under the sale foreclosing the lien of the Jefferson County Bridge District. Having lost by this sale and conveyance any claim of title she might otherwise have had, appellee cannot question appellant's apparent title. It was held in the case of *Horner* v. *Jarrett,* 99 Ark. 154, 137 S. W. 820, to quote a headnote that, "Where the plaintiff in an action to quiet title shows *prima facie* title in himself, his title cannot be questioned by a defendant who has neither title nor possession." Appellant is, therefore, entitled to have his title quieted to the northeast quarter, northwest quarter, as against appellee.

But it does not follow that appellant's title should also be quieted to southeast quarter, northwest quarter.

As has been said, this title was acquired by Irving Reinberger and Jake Cohn, through a commissioner's deed to them, based upon the foreclosure of Road Improvement District No. 4's lien for unpaid betterment assessments. How Cohn acquired Reinberger's interest, if he did acquire it, does not appear, except that Cohn did obtain the deed of commissioner executed pursuant to a decree foreclosing the road improvement district lien for taxes of a subsequent year.

Appellant has apparently proceeded upon the theory that this deed of the commissioner to him individually operated to vest title in him alone, and extinguished the title of Reinberger, but not so. The first commissioner's deed to Cohn and Reinberger made them tenants in common, and Cohn did not acquire the title of Reinberger, his co-tenant, by a purchase at the subsequent sale. The case of *Spikes* v. *Beloate,* 206 Ark. 344, 175 S. W. 2d 579, holds and cites a number of earlier cases holding that a tenant in common cannot add to or strengthen his title by purchasing title to the entire property at a tax sale, nor by purchasing it from a stranger who has purchased at such sale, and that such purchase amounts to no more than a redemption, which inures to the benefit of the other tenants as much as himself, and confers no right upon such tenant so purchasing except to demand contribution from his co-tenant. *Holloway* v. *Berenzen,* 208 Ark. 849, 188 S. W. 2d 298, a very recent case, is to the same effect.

It appears, therefore, that while appellant has acquired the title of Cohn to the southeast quarter, northwest quarter, he has not acquired the interest or title of Cohn's co-tenant, and this decree as to that tract will be affirmed.

The decree as to the northeast quarter, northwest quarter will be reversed and the cause remanded with directions to quiet appellant's title as against appellee. Appropriate orders will be made reimbursing appellee for taxes paid by her on this tract since the date of the commissioner's deed to Cohn. *Turner* v. *Grove Land & Timber Co.,* 208 Ark. 921, 188 S. W. 2d 121. The costs of

this appeal and of the entire case will.be divided equally between appellant and appellee.