LEWIS *v.* TISDALE.

Opinion delivered June 10, 1905.

DEED—RESERVATION OF LIFE ESTATE IN GRANTOR.—A deed reserving a life estate in the grantor, and providing that it shall not take effect until the grantor's death, is valid.

Appeal from Randolph Chancery Court.

GEORGE T. HUMPHRIES, Chancellor.

Reversed.

Charles Tisdale, Margaretta Wells and Hatcher Miller, by her next friend, Charles Tisdale, sued Emily Lewis and her husband, T. J. Lewis, alleging that Mary A. Brady died, leaving as her heirs the plaintiffs and defendant Emily Lewis; that on September 4, 1902, Mary A. Brady, owning certain land, executed a conveyance of same to Emily Lewis for an alleged consideration of $1,500; that said deed was without consideration, and was never delivered; that after the death of Mary A. Brady the deed was purloined by Emily Lewis and placed on record. Plaintiffs further alleged that the execution of such deed was procured by unfair and fraudulent means; that Emily Lewis appealed to her mother, Mary A. Brady, while she was weak in body and mind from long and continued sickness, with the plea that Emily was poor, and needed the land more than the other heirs; that the plaintiffs had more land and property than Emily; and in this way Mary A. Brady was imposed upon; that as a fact the plaintiffs had received no advancements from Mary A. Brady; that plaintiffs and Emily Lewis are each entitled to an equal share in the said lands. Plaintiffs also alleged that the land was of great value, with 100 acres in cultivation; that the deed complained of is a fraud on the rights of the plaintiffs and a cloud on their title, it being known in the community that the defendant makes claim to the whole tract under said deed. The prayer of complaint was that the deed be canceled and set aside, and the rights of the

21

parties be declared; in the alternative, if the court find deed to be sufficient, and it does pass title, that the sum of $1,500, the same named as consideration in the deed, be declared a lien on the land, and that such lien be foreclosed.

The answer denied that the deed was procured by improper means. By way of cross-complaint, defendants alleged that there was a misdescription in the deed, in that the number of the township was omitted. Prayer was that the deed be reformed.

The deed was in the following language:

"Know all men by these presents that we, Mary A. Brady and John R. Brady, for and in consideration of the sum of fifteen hundred dollars, and for the further consideration of the love and affection which the said Mary A. Brady bears for Emily Lewis, her daughter, issue of her marriage with Sherley Tisdale, the receipt of the said fifteen hundred dollars being hereby acknowledged, have this day granted, bargained, sold and conveyed, and by these presents do hereby grant, bargain, sell and convey, unto the said Emily Lewis and unto her heirs forever the following described real estate in the county of Randolph and State of Arkansas, towit: Northwest fractional quarter (north of Spring river) in section eight (8), north of the base line, in range two (2) west of the fifth principal meridian.

"To have and to hold unto her, the said Emily Lewis, and her heirs and assigns in fee simple forever. And I, the said Mary A. Brady, do hereby covenant to and with the said Emily Lewis that I am lawfully seized in fee of the aforegranted premises, that I have a good right to sell and convey the same, and that I will for myself and heirs, executors and administrators shall forever warrant and defend the title to the same unto her, the said Emily Lewis, her heirs and assigns, against the lawful claims and demands of all persons whomsoever.

"And it is hereby expressly understood that the said Mary A. Brady shall have and retain the use and enjoyment, the rents and profits of the aforegranted premises for and during her natural life; and that this grant, bargain and sale shall not be operative and shall not take effect until her death; at which time said Emily Lewis shall take possession of said lands and hold the

same under and by virtue of these terms and conditions of this conveyance, but not until then.

"Given under our hands this the 4th day of September, 1902.

(Signed.)                    .    "MARY A. BRADY,

"JOHN R. BRADY."

Upon a hearing the chancellor found in favor of plaintiffs. and decreed accordingly. Defendants have appealed.

*John B. McCaleb* and *Witt & Schoonover,* for appellants.

The instrument in question was a deed. 85 S. W. 244; 50 Ark. 367. The delivery of the deed was sufficiently proved. 97 N. Y. 13; Dembitz, L. Titles, 356; 22 Ark. 488; 45 Fed. 828; 98 Cal. 446; 77 Ill. 475; 5 Am. & Eng. Enc. Law, 448; 9 Id. 154; 109 Mass. 581; 1 Johns, Ch. 329; 68 Ia. 619; Warvelle, Vendors, 496, § 503. The declarations of Brady's wife, if made after the delivery of the deed, are not competent to impeach the title of Mrs. Lewis. 48 Ark. 169; 20 Ark. 216; 14 Ark. 304; 11 Ark. 249. Delivery is a question of intention. 30 Miss. 91; 42 Am. Dec. 439; 4 Enc. Evidence, 232; 40 S. E. 356; 104 Cal. 279; 66 N. E. 365; 21 Pac. 948; 67 S. W. 35; 5 Atl. 317; 177 Ill. 575. The findings of the chancellor are persuasive only. 41 Ark. 294; 55 Ark. 112. Appellants were at least entitled to a lien on the land for the purchase money. 28 Am. & Eng. Enc. Law, 167; Warvelle, Vendors, 690.

Appellees, *pro sese.*

HILL, C. J. Mrs. Mary A. Brady was the owner of a tract of land, which is the subject-matter of this litigation, and on the 4th day of September, 1902, she and her husband executed and acknowledged, in the town of Pocahontas, a deed thereto to Mrs. Emily Lewis. Mrs. Lewis was a daughter of Mrs. Brady by a former marriage. The deed reserved a life estate to Mrs. Brady, and was to become operative at her death; it will be set out by the Reporter in the statement of facts.

The description is defective, but it is agreed that it was intended to cover the farm known as the "River Farm," and no point is made against it on account of the misdescription. The

deed was valid.   *Bunch* v. *Nicks,* 50 Ark. 367; *Cribbs* v. *Walker,* 74 Ark. 104.

The only question in the case is a question of fact whether or not the deed was delivered.   This suit was brought by Mrs. Brady's heirs-at-law to set it aside.   Mr. Brady testified that his wife gave it to him to do as he pleased with it, and that he placed it in a trunk, and it was not delivered, but wrongfully taken by Mrs. Lewis after Mrs. Brady's death, and then placed on record. He is corroborated in this version of the transaction by several witnesses testifying to statements and conduct of Mrs. Lewis consistent with this theory and inconsistent with her version of the transaction.   Mrs. Lewis and her daughter, Lodena, testify that a few days before the death of Mrs. Brady, while Mr. Brady had gone to Imboden for a physician and medicine, Mrs. Brady had the deed produced, and gave it to her daughter to read, and after it was read delivered it to her granddaughter to keep for her (the granddaughter's) mother.   That Lodena put the deed in a trunk containing some of her own clothes and some of her grandmother's.   That after Mrs. Brady's death, in going through her things Mr. Brady got this deed, and a contention at once arose between Brady and Mrs. Lewis over it.   That Brady put it in another trunk, and later Mrs. Lewis in his presence and that of other members of the family took it therefrom. These witnesses are corroborated by a disinterested witness, who testified to communications with Mrs. Brady showing it was her intention for Mrs. Lewis to have this property.   The execution of the deed itself and its terms are also corroborative of this testimony, and the direct testimony of its delivery is not inconsistent with Brady's testimony of what his wife told him, as she might have decided afterwards, and during his absence, as stated by the witness, to perfect the transfer.

On the whole case, the court is of the opinion that the preponderance of the testimony sustains the delivery of the deed. The decree is reversed, with directions to dismiss the complaint and grant the prayer of the cross-complaint reforming the description in the deed and quieting Mrs. Lewis' title.