## WEST *v.* WEST.

### Opinion delivered November 1, 1915.

1. EVIDENCE—TESTIMONY TAKEN IN ANOTHER ACTION.—One A. deeded certain land to his children, and thereafter married one M. A. and M. were then divorced. In an action by A's children against M. to quiet their title to said land as against her, evidence of testimony taken in the divorce proceedings between A. and M. was incompetent.

2. EVIDENCE—ADMISSION OF INCOMPETENT TESTIMONY—HARMLESS ERROR—CHANCERY CASE.—In a chancery proceeding, when incompetent testimony has been admitted, if, after eliminating the same, there remains sufficient competent evidence to support the finding of the chancellor, the decree will be upheld.

3. FRAUDULENT CONVEYANCES—PRE-NUPTIAL CONVEYANCE OF LAND.—If a man or woman convey away his or her property for the purpose of depriving his or her intended wife or husband of the legal rights and benefits arising from such intended marriage, equity will avoid such conveyance or compel the person taking the property to hold it in trust for or subject to the rights of the defrauded wife or husband.

4. FRAUDULENT CONVEYANCES—PRESUMPTION OF FRAUD—BURDEN OF PROOF.—Fraud will never be presumed but must be proved, and the burden is on the party alleging the same to show that a deed complained of was in fraud of his or her rights.

5. FRAUDULENT CONVEYANCES—DEED BY FATHER TO HIS CHILDREN—CONTEMPLATED MARRIAGE.—In the absence of a showing that a father contemplated marriage at the time he executed a deed to certain of

his children, the deed will not be set aside as in fraud of the
marital rights of a wife whom he married on a subsequent date.

Appeal from White Chancery Court; *John E. Martineau*, Chancellor; reversed.

### STATEMENT BY THE COURT.

J. A. West instituted this action in the chancery
court against Mary C. West. The complaint alleges, in
substance, that a decree of divorce was granted to Mary
C. West from J. L. West; that in the decree certain commissioners were appointed to allot to Mary C. West one-
third of certain lands which were decreed to belong to
J. L. West; that plaintiffs were not parties to that suit;
that they are children of J. L. West by a former wife;
that prior to his marriage to Mary C. West he conveyed
to them by warranty deed four hundred acres of land;
and that said land belonged to them and that they had
entered into possession of the same.

The prayer of the complaint is that their title to
the land be quieted and that the claim of the defendant,
Mary C. West, thereto be set aside as a cloud upon their
title.

The defendant, Mary C. West, answered and set up
that the land had been conveyed to the plaintiffs by J. L.
West in fraud of her marital rights and by way of cross-
complaint asked that said deed be cancelled and held for
naught.

The facts are as follows:

John L. West, a man more than seventy years of
age, owned four hundred and eighty acres of land adjoining the town of Letona, in White County, Arkansas.
He was a widower with six children, and being desirous
of providing for them, executed a deed to them to four
hundred acres of said land and delivered the deed to his
son, J. A. West, for the grantees. This son then entered
into possession of the land for himself and the other
children. He continued in possession from that time,
making improvements on the land and collecting the
rents therefrom.

John L. West retained eighty acres of the land next to the town of Letona, and this was the most valuable part of his land. Some of it was being laid off into town lots and sold. He also owned some lots in the town of Letona. After he deeded the land to his children they permitted him to remain on the land, and, when it was necessary for his support, gave him a part of the rent derived therefrom.

These facts were testified to by both John L. West and by J. A. West and other witnesses who resided near them corroborated their testimony. Both John L. West and his son, J. A. West, testified that the conveyances were made in order that the father might make provision for his children.

J. L. West stated that he executed the deed on May 8, 1908, conveying the four hundred acres of land in controversy to his children because he was getting old and wanted them to have the land and that he reserved the eighty-acre tract adjoining Letona for himself.

His son, J. A. West, testified that the deed was delivered to him on May 8, 1908, on the day that it was executed, and in this statement he is corroborated by the justice of the peace who took the acknowledgment. The witness stated that his father at that time lived with his children and that there had never been any talk of his marrying Mary C. West.

The defendant, Mary C. West, testified that she married John L. West on the 12th day of August, 1908, and that she was engaged to him six weeks prior thereto; that they lived together on the land after their marriage about four years until their separation and that her husband during all of this time collected the rents and exercised acts of ownership over the land. Other testimony will be referred to in the opinion.

The court found that the deed from J. L. West to his children executed on the 8th day of May, 1908, was a fraud upon the marital rights of the said Mary C. West, and said deed, in so far as it affected her interests in the land, should be cancelled, set aside and held for naught. A

decree was entered accordingly, and, to reverse that decree, the plaintiffs have prosecuted this appeal.

*John D. DeBois,* for appellant.

1. Fraud will not be presumed, but must be proved, and it will not be inferred from lawful acts. 99 Ark. 45.

There is no question of vested rights involved here. John L. West had the right to execute a deed to his children by way of advancement, and thus distribute his estate, and his act in so doing was not a fraud upon the marital rights of a wife subsequently married, to whom, the evidence shows, he was not even engaged at the time the conveyance was made. 98 Ark. 328; 51 Ark. 530; 105 Ark. 318; 52 Ark. 188; 45 Ark. 481; 44 Ark. 365; 106 Ark. 9, 12.

2. Mary C. West was entitled to dower interest in the eighty acres of land and the lot retained by J. L. West, but not in the land conveyed by him before his marriage. Kirby's Dig., § 2684; *Id.,* § 2687.

*S. Brundidge, Jr.,* and *Harry Neelly,* for appellee.

The testimony clearly shows that the deed from J. L. West to his children was made for the purpose of preventing appellee from recovering any portion of the land belonging to her husband as alimony in the event suit was brought for divorce. Such being the case, the conveyance was fraudulent as to her and voidable. 14 Cyc. 798; 4 Pomeroy, Eq. Jur., § 1383, p. 2736; 142 Ia. 701, 121 N. W. 500; 24 N. E. 1030; 62 N. E. 100.

Appellee is seeking only the enforcement of an award of alimony allowed by the court to her. This is a debt due from appellant, and appellee is entitled to the same rights as any other creditor. 1 Ruling Case Law, 951, § 97; *Id.* 954, § 99.

The deed executed from J. L. West to J. A. West and the other interveners was merely a resulting trust, the same being placed in his hands to hold for the benefit of the grantor. 111 Ark. 45; 110 Ark. 389.

HART, J., (after stating the facts). (1) The testimony in the divorce suit between Mary C. West and John L. West was introduced in evidence in this case over the

objection of the plaintiffs. It is evident that such action on the part of the court was erroneous. The plaintiffs were not parties to the divorce suit, and the evidence in that action could not be introduced in the present action as testimony against the plaintiffs. The plaintiffs not being parties to the divorce suit, were not concluded by anything done in that suit, and the evidence in that action could not be used against them in the present one.

(2) If, however, after eliminating the incompetent testimony there remained sufficient competent evidence to support the finding of the chancellor, the decree should be upheld. Otherwise, it must be reversed. That is to say, when the competent evidence is considered, is the finding of the chancellor against the clear preponderance of the evidence?

(3) This brings us to a consideration of the law governing cases of this character. The general rule is that if a man or woman convey away his or her property for the purpose of depriving the intended husband or wife of the legal rights and benefits arising from such marriage, equity will avoid such conveyance or compel the person taking it to hold the property in trust for or subject to the rights of the defrauded husband or wife. Perry on Trusts and Trustees (6 ed.), Vol. 1, § 213; Bishop on the Law of Married Women, Vol. 2, § 350; *Smith* v. *Smith,* Second Halstead Ch. (New Jersey), 515; *Leach* v. *Duvall,* 8 Bush. (Ky.), 201; *Dearmond* v. *Dearmond,* 10 Ind. 191; *Collins* v. *Collins,* 98 Md. 473, 103 Am. St. Rep. 408, and case note.

(4) In the application of the principles of law just announced to the facts of the present case, we think the chancellor erred in holding that the conveyance to the plaintiffs was in fraud of the marital rights of the defendant, Mary C. West. Fraud is never presumed but must be proved, and the burden was on the defendant to show that the deed had been made in fraud of her marital rights. This she did not do.

(5) The plaintiffs were the children of John L. West by a former marriage and were the proper objects of his

bounty. At the time he made the conveyance West owned four hundred acres of land and some town lots in the town of Letona. He retained eighty acres adjoining the town and the town lots. The property not conveyed by him was the most valuable part of his estate. Neither is there anything in the record from which it might be inferred that he contemplated marriage except the mere fact that he did marry on the 12th of August after he had conveyed his property to his children on the 8th of May. Mary C. West testified that they were engaged about six weeks before their marriage, but she does not say when they first contemplated marriage.

On the other hand, J. A. West testified that his father lived with his children at the time he made the conveyance on the 8th day of May, and that at that time there was nothing whatever to indicate that he intended to marry the defendant or any one else. John L. West himself testified that he conveyed the land to his children because he was getting old and wanted them to have the land. So it seems that his marriage was, so far as the record discloses, the result of a sudden impulse on the part of the old man after he had made the deed to his children. In any event, there is nothing in the record tending to show that he contemplated marriage to the defendant or any one else at the time he executed the deed to his children. He had a right to deed his property to his children, and the chancellor erred in holding that the conveyance was made in fraud of the marital rights of the defendant.

The decree will be reversed and the cause remanded with directions to the chancellor to enter a decree in accordance with the prayer of the complaint.