## WEST *v.* WEST.

### Opinion delivered November 5, 1917.

CROPS—OWNERSHIP.—M. and J., having been married, were divorced, and certain land was decreed to belong to J. *Held*, crops grown on said land belonged to J.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*John D. DeBois,* for appellant.

1. In 120 Ark. 500 this court reversed the case of *West* v. *West,* and decreed that J. A. West *et al.* owned the lands. The hay, corn and cotton was the rent of the lands and appellants had the right to them.

Where a case is reversed, on appeal the rights of the parties stand as if no action had ever taken place. 29 Ark. 85; 95 *Id.* 308; 70 *Id.* 196; 68 *Id.* 90.

Appellee had no right, title or interest to the rent, and it was error to render judgment in her favor. The judgment is against the law and the evidence.

HART, J. Mary C. West sued J. A. West in the circuit court for the alleged conversion of sixty-five bushels of corn, worth $50, two tons of hay worth $25 and one bale of cotton of the value of $65, making a total of $140. The facts are as follows:

J. L. West was originally the owner of the land on which the corn, hay and cotton in controversy was grown. He married Mary C. West and subsequently a decree of divorce was granted to her. In the divorce suit commissioners were appointed to allot to Mary C. West one-third of certain lands which were decreed to belong to J. L. West. The lands in controversy were embraced in the decree. Prior to the time J. L. West married Mary C. West he conveyed the lands in controversy to J. A. West and other children by his first wife. They instituted a suit in the chancery court against Mary C. West to quiet their title to the land, and asked that the claim of Mary C. West be set aside as a cloud upon their title. Mary C. West defended the action on the ground that the deed

from J. L. West to his children was in fraud of her marital rights and by way of cross-complaint asked that it be canceled.

The chancellor found in her favor, and a decree was entered accordingly. This court held that the chancellor erred in holding that the conveyance of J. L. West to his children was in fraud of the marital rights of Mary C. West. It was ordered that the decree of the chancellor be reversed and the cause be remanded with directions to grant the prayer of the complaint. The opinion will be found in 120 Ark. 500, under the style of *West* v. *West.*

The chancery court entered a decree in obedience to the mandate of the Supreme Court. After the decision by the Supreme Court, J. A. West, for himself and the other owners of the land, notified Mary C. West of the decision, and told her that he would take charge of the lands and the rents therefrom for himself and the other tenants in common. At that time she had collected the corn and hay rents from the land for the year 1915, but had not collected the rents from the cotton.

The opinion of the Supreme Court in the case just referred to was delivered on November 1, 1915. It was a few days after this that J. A. West went to see Mary C. West about the rents. J. A. West, for himself and co-owners, collected the rent cotton from the tenants on the land.

J. A. West testified that Mary C. West pointed out the corn and hay to him and told him that she wished he would get it out of her way at once; that she had other uses for the barn, and that he did so.

Mary C. West admitted that the corn, hay and cotton grew on the land which was decreed to J. A. West and others in the chancery suit against herself. She stated that just after the decision of the Supreme Court J. A. West came and told her that the Supreme Court had given them the land and demanded the rents. She said that she told him he had better know what he was doing before he took the rent corn and cotton away. The cot-

ton, corn and hay in question is the rent from the land just referred to.

The circuit court found in favor of the plaintiff, and judgment was rendered in her favor for the value of the corn, hay and cotton involved in this action. The case is here on appeal.

We are not favored with a brief on the part of counsel for Mary C. West, and are at loss to know on what ground the court below found in her favor. The land on which the crops in question were grown was decreed to belong to J. A. West and others, and it follows that they would be entitled to collect the rents therefrom. It is admitted that the property involved in this suit was the rent from that land.

Therefore, the court should have rendered judgment in favor of the defendant. For the error in not doing so, the judgment will be reversed and the cause remanded for a new trial.