CARROLL *v.* EVANS.

4-3751

Opinion delivered March 4, 1935.

*H. A. Northcutt* and *Oscar E. Ellis,* for appellant.

*S. M. Casey,* for appellee.

McHANEY, J. The facts in this case are not in dispute and are, briefly stated, as follows: On or prior to January 1, 1925, appellee and her then husband ad-

---

[*]Failure to verify a pleading is not one of the grounds of demurrer mentioned in the Code. See Crawford & Moses' Dig., § 1189. (Reporter.)

512

vanced to her father and mother, N. P. Goatcher and Eliza E. Goatcher, $7,000 for the purpose of buying and improving the lands in controversy for a home for them, and, to secure her for said advancement, Mr. and Mrs. Goatcher executed and delivered to her a warranty deed to said lands to take effect at their death, which deed was dated January 1, 1925, and was not recorded until October 31, 1932. On July 22, 1926, Mr. and Mrs. Goatcher executed and delivered to appellee their promissory note for said sum and a deed of trust on the same lands to secure said note without any reservation of a life interest. Said note became due and payable one year after date. A payment was made on said note on January 15, 1931, in the sum of $50, which was indorsed on said note, but was not indorsed on the margin of the record of the deed of trust until October 31, 1932, at which time the deed above mentioned was recorded as above stated. Appellant secured a judgment against Mr. Goatcher on October 14, 1930. On October 6, 1932, an execution was issued on said judgment, levied on said lands, and the lands were advertised and sold on November 18, 1932, at which sale appellant became the purchaser. Appellee attended the sale and gave notice prior thereto that she held a deed to said lands, and also a deed of trust thereon, as above stated, both of which had been executed prior to the judgment. She therefore forbade the sale, but the lands were sold notwithstanding her notice.

Thereafter on April 16, 1934, she filed her suit to foreclose, her deed of trust, in which her father and mother and appellant were made defendants, and alleged the matters hereinbefore stated, and in which she prayed judgment against Mr. and Mrs. Goatcher for the amount of her debt, and that appellant's lien or title under said execution sale be held subsequent to her deed and deed of trust, and that said lands be sold for the amount found to be due upon her note. Appellant answered admitting the allegations of appellee's complaint, but asserting priority over appellee's deed and mortgage. Trial resulted in a decree in appellee's favor for $10,500. The lands were ordered sold to pay the judgment thus ren-

dered, and appellant's judgment and execution deed were canceled, in so far as same affected the rights of appellee.

The deed from Mr. and Mrs. Goatcher to appellee is valid. *Bunch* v. *Nicks,* 50 Ark. 367, 7 S. W. 563; *Lewis* v. *Tisdale,* 75 Ark. 321, 88 S. W. 579; *Tribble* v. *Tribble,* 173 Ark. 561, 293 S. W. 705.

It has been well settled in this State since the case of *Byers* v. *Engles,* 16 Ark. 543, that a deed executed before a judgment is rendered, although not recorded until after judgment, is prior to the judgment lien or to the deed at the execution sale, or, to the rights of the purchaser thereof, if actual notice of the deed is given to the purchaser before or at the time of the execution sale. This case has been consistently followed in a number of subsequent cases, one of the latest of which is *First National Bank* v. *Meriwether Sand & Gravel Co.,* 188 Ark. 642, 67 S. W. (2d) 599.

In the latter case we said: "The judgment creditors are not innocent purchasers, and by their judgments could only subject to the payment of their indebtedness the mortgagor's interest remaining in the property, their liens being subject to existing equities of third parties in the land." A long list of cases is cited to support the statement.

In *McGuigan* v. *Rix,* 140 Ark. 418, 215 S. W. 611, we said: "The next and last point for determination is whether or not the lien created by the instrument in question is paramount to the lien of the judgments of appellants. Judgment creditors are not innocent purchasers. Their liens are subject to existing equities of third parties in the land. The rule of *caveat emptor* applies to purchasers at execution sales. Equitable mortgages are not controlled by the record statutes of this State. *Martin* v. *Schichtl,* 60 Ark. 595, 31 S. W. 458; *Priddy & Chambers* v. *Smith,* 106 Ark. 79, 152 S. W. 1028. The instrument, being prior in point of time to the judgment liens, is therefore prior and paramount to them."

Numerous other cases might be cited and quoted from to the same effect that the lien of a judgment is subject to all valid liens on the land at the time it is

rendered, whether recorded or not. "The reason," said the late Chief Justice HART, in the case of *Howes* v. *King*, 127 Ark. 511, 192 S. W. 883, "is that a judgment lien does not attach to the land, but to the judgment debtor's interest in it—the judgment creditors have parted with nothing on the strength of these conveyances. It would be highly inequitable to permit his judgment to be satisfied with what, in fact, was the property of Howes."

So it will be seen under all these cases that appellant's judgment against Mr. Goatcher attached, not to the land itself, but only to Mr. Goatcher's interest in the land. The undisputed proof is that the only interest he had was subject to his two conveyances, first, his deed to take effect at his death which was in fact a mortgage, and second, his deed of trust or mortgage given to secure his note to appellee, and it makes no difference whether said deed was recorded or not or whether the payment on said note had been indorsed on the margin of the record at the time his judgment was obtained. The court therefore correctly cancelled the lien of appellant's judgment, in so far as it affects appellee's interest in said lands.

Let the judgment be affirmed.