BELL *v.* McILROY, TRUSTEE.

4-5573                                                             132 S. W. 2d 815

Opinion delivered October 16, 1939.

*Suzanne Chalfant Lighton and Karl Greenhaw,* for appellants.

*Bernal Seamster,* for appellee.

McHANEY, J. Appellant, Carl K. Bell, is the son and one of the heirs-at-law of C. H. Bell, who died intestate in 1923. Prior to his death C. H. Bell became incompetent, and in 1922 the probate court of Washington county appointed appellant, Carl K. Bell, and appellee, J. H. McIlroy as his guardians. After his death the guardians continued to act for his estate as trustees, without administration on the estate, until May 11, 1931, when appellee resigned, and was succeeded by C. F. Armistead.

The senior Mr. Bell had acquired a considerable estate, consisting largely of real estate in several Western Arkansas counties. On May 11, 1931, said trustees, McIlroy and Bell, together with the widow and other heirs-at-law of C. H. Bell, petitioned the probate court for an order authorizing and directing them to borrow on the security of the property of said estate a sum of money sufficient to discharge the obligations of said estate, which petition was granted, and the order made, and on the same date a note for the sum of $25,000, secured by a mortgage on the property of the estate, was executed, delivered to McIlroy Bank & Trust Co., hereinafter called the bank, $20,000 immediately advanced by it, and $5,000 to be advanced as needed. Said note and mortgage were signed by Armistead and Bell, as trustees, and by the other heirs.

On April 20, 1931, appellants, Carl K. Bell and wife, Margaret Bell, executed and delivered to the bank the note sued on for $3,000, secured by mortgage on their home in Fayetteville, for an indebtedness due by them, said note to become due and payable six months after date, with interest from date at 8 per cent. to maturity, and thereafter at 10 per cent. per annum. Thereafter, and before maturity, the bank, sold, transferred and as-

signed said note and mortgage to appellee, J. H. McIlroy, trustee, " to be held by him for such further disposition as he may decide or until such time as the affairs of the Bell estate are settled satisfactorily to the McIlroy Bank & Trust Company and all obligations discharged that exist at this time or may hereafter be created by the estate or any heir of said estate, or trustee for same." Carl K. Bell deeded the property covered by this mortgage to his wife on August 31, 1931, subject to said mortgage, which he agreed to pay.

This action was brought by appellee against appellants to foreclose said mortgage, and it was alleged that the note of the Bell estate to the bank is past due and unpaid, and that the note and mortgage of appellants are held by him as security for said debt, and that they are past due and unpaid. Prayer was for judgment for a total sum of principal, interest, taxes and insurance paid by him, less two interest payments made by Carl K. Bell, and less rents collected, of $5,415.77. Appellants defended on a number of grounds. The principal ones were, (1) that a certain transaction of September 14, 1935, involving $10,060 constituted payment of the note of appellants; (2) that the note was barred by limitations; and (3) that the indebtedness of the Bell estate to the bank was paid May 7, 1936, by conveyances by the Bell heirs to the Industrial Finance Company. Trial resulted in a decree for appellee, from which is this appeal. Substantially the same grounds are urged here for a reversal of the judgment.

1. As to the contention by appellants that their mortgage indebtedness was paid September 14, 1935, the facts are that the Bell estate owned 120 shares of stock of the bank which had been pledged to the bank by the trustees and heirs to secure said indebtedness. On May 20, 1931, said shares of stock were assigned and transferred to appellee as trustee for the bank to be "held by him until such time as it is necessary to dispose of same with the approval of the trustees, and the proceeds arising from such sale to be by said trustee (McIlroy) applied as a credit on any notes now due or to become due

1072

hereafter to the McIlroy Bank & Trust Company executed by said trustees and said widow and heirs.'' Now, the finding of the trial court on this proposition is so well stated that we adopt it as follows: ''That thereafter, by agreement of the trustees of the C. H. Bell estate, and in accordance with the assignment heretofore set out, the bank stock certificates pledged to J. H. McIlroy, trustee, as hereinbefore set out, were sold for a total of $9,060; that at the time of said sale, the McIlroy Bank & Trust Company issued J. H. McIlroy, trustee, a certificate of deposit, to be held by him for the use and benefit of said McIlroy Bank & Trust Company; that during the time the said J. H. McIlroy, trustee, held said certificate of deposit, the bank accounted for interest thereon at the same rate as then charged upon the indebtedness of the Bell estate, and that until the application of said sum of money, represented by the certificate of deposit, on the 14th day of September, 1935, interest was allowed on said certificate of deposit at the rate obligations of the C. H. Bell estate bore, and said interest was deducted from the aggregate interest then due from said C. H. Bell heirs; that on said 14th day of September, 1935, J. H. McIlroy, trustee, received an assignment of said note and mortgage executed by the said Carl K. Bell and Margaret Bell, together with an additional note and mortgage of Ella Bell, 'to be held by him for such further disposition as he may decide, or until such a time as the affairs of the Bell estate are settled satisfactorily to the McIlroy Bank & Trust Company and all obligations discharged that exist at this time or may hereafter be created by the estate or any heir of said estate or trustee for the same;' that said assignment by the McIlroy Bank & Trust Company to J. H. McIlroy, trustee, upon the terms set out, was approved by C. F. Armistead and Carl K. Bell as trustees for the C. H. Bell heirs, and the approval evidenced in writing on said instrument of assignment. To have the bank records conform to the assignment of notes and mortgages to J. H. McIlroy, trustee, and to substitute for the note and mortgage of Carl K. Bell and Margaret Bell and the Ella Bell note

and mortgage in the assets of said McIlroy Bank & Trust Company, the said $9,060, evidenced by certificate of deposit to J. H. McIlroy, trustee, and an additional sum of $1,000 advanced by said bank under the contract and agreement in connection with the notes and mortgages executed by the C. H. Bell heirs, May 11, 1931, was received and retained by the McIlroy Bank & Trust Company; that the total of said $1,000 additional loan to the C. H. Bell heirs and the $9,060 received from J. H. McIlroy, trustee, was the total of amounts due on Carl and Margaret Bell's note and Ella Bell's note, together with accrued interest on said notes; that said transaction was in effect and in essence a purchase of the note of Carl K. Bell and wife by the trustees of the C. H. Bell estate out of the funds belonging to the said estate and held by J. H. McIlroy, trustee, in the sum of $9,060, the proceeds of the sale of bank stock belonging to said C. H. Bell estate, with the addition thereto of funds borrowed for the C. H. Bell estate, widow and heirs, in the sum of $1,000, so that said funds of the C. H. Bell estate were by the consent of said trustees converted into a new form by taking over and placing in the hands of J. H. McIlroy, trustee, the note and mortgage executed by defendants, Carl K. Bell and Margaret Bell, and the note and mortgage executed by Ella Bell to secure debt of $5,000, together with the accrued interest on both of said notes; that said transaction did not constitute a payment of the notes involved and did not increase or diminish the obligation of defendants, Carl K. Bell and Margaret Bell, on their $3,000 note and mortgage; that the debt evidenced by said note and secured by said mortgage remained the same debt and enforceable according to the terms of said note and mortgage in all respects as when originally made; that the written instrument executed by the trustees of the C. H. Bell estate at the time said notes and mortgages were by the bank assigned to J. H. McIlroy, trustee, taken in connection with oral negotiations had at the time, was effective to show the consent of the trustees to the investment in said notes and mortgages of funds belonging to the estate, widow

and heirs of C. H. Bell, deceased; and that said securities were to be held by J. H. McIlroy, trustee, in place of the funds so invested, and did not constitute a repledging of said mortgage made by defendants after payment, but merely a transfer of ownership.''

This finding of the court is sustained by the testimony of J. H. McIlroy, and is substantiated by the written assignment of the Carl K. Bell note and mortgage to J. H. McIlroy, trustee, as above set out, which assignment was approved by Carl K. Bell and C. F. Armistead, trustees for C. H. Bell, and is further substantiated by the written assignment, above set out, of the 120 shares of stock to J. H. McIlroy, trustee, which was approved by the trustees of said estate and all the heirs in writing. Said latter assignment reads as follows: ''We, the trustees of the estate of C. H. Bell, deceased, and the widow and sole heirs of said estate, hereby assign, pledge and transfer certificates Nos. 23 and 32, dated 2/20/1903 and 6/5/1913, for one hundred twenty shares of the capital stock of the McIlroy Bank & Trust Company, to J. H. McIlroy, trustee, to be held by him until such time as it is necessary to dispose of same with the approval of the trustees, and the proceeds arising from such sale to be by said trustee applied as credit on any notes now due or to become due hereafter to the McIlroy Bank & Trust Company executed by said trustees and said widow and heirs.''

We think the court's finding is amply sustained by the evidence. At least, we cannot say it is against the preponderance of the evidence. There was no agreement, either written or oral that appellant's mortgage should be satisfied by said sale of bank stock.

2. As to the plea of the statute of limitations, the note and the marginal entry on the record of the mortgage showed two payments of interest, $10 on September 18, 1935, and $178.05 on September 18, 1937. These payments are in dispute. However, it is undisputed that taxes for 1933-4-5 and other expenses as itemized in the complaint, including payment of insurance pre-

miums, were made within the period of limitations, under the authority contained in the mortgage which prevented the bar of the statute. *Dunnington* v. *Taylor, ante,* p. 770, 131 S. W. 2d 627.

3. In May, 1936, the Bell heirs conveyed all the Bell estate to the Industrial Finance Company, a corporation largely owned and controlled by J. H. McIlroy, and it is contended by appellants that this discharged the Bell estate indebtedness, and, therefore, discharged their note and mortgage held as collateral to said indebtedness. We cannot agree that this necessarily follows. The deeds themselves do not state they are given in satisfaction of the indebtedness of the Bell estate or of the widow or any of the heirs. If, in fact, they were executed for such a consideration, either in whole or in part, it would seem most probable that appellants would have inserted such a provision in the deeds. Moreover, the notes have not been surrendered and canceled, nor have the mortgages been satisfied—a cogent circumstance that such was not the agreement. Their own testimony is that no mention was made by any of the parties at the time that these notes would be returned and the mortgages satisfied. The positive testimony of J. H. McIlroy is that there was no understanding that these deeds to the Industrial Finance Company should be received in satisfaction of these obligations. Both McIlroy and Carl Bell agree that, because the bank was going to be required to foreclose all of the mortgages, and, in order to save trouble and expense of foreclosure, in an action to which there was no defense, these deeds were made, executed and delivered to Industrial Finance Company. These instruments speak for themselves, and no such provision is found in them.

Appellants plead payment, but the burden of proving it is on them. *Hume* v. *Indiana Nat. L. Ins. Co.,* 155 Ark. 466, 245 S. W. 19.

Another circumstance, refuting the plea of payment, is that not all the property securing the indebtedness of the Bell estate was conveyed to the Industrial Finance

Company. The Carl Bell home was not deeded to it, and neither were the note and mortgage thereon given by appellants assigned to it. It was held by J. H. McIlroy as trustee for the bank and not assigned, sold or otherwise conveyed. In view of all these facts and circumstances, we cannot say the trial court erred in refusing the plea of payment, nor can we say the plea was established by a preponderance of the evidence. On the contrary, we are of the opinion that appellants failed to meet the burden of proof to establish the plea.

We find no error, and the decree is affirmed.