DALTON *v.* POLSTER.

4-5835                                    138 S. W. 2d 64

Opinion delivered March 18, 1940.

*Ira C. Langley* and *E. G. Ward,* for appellant.

*Arthur L. Adams,* for appellee.

McHANEY, J. On January 12, 1926, appellants borrowed $800 from E. D. Hoffman, for which they executed and delivered their note, due and payable five years after date with interest at 8 per cent. payable annually, to which interest coupons were attached of $64 each, all of which were secured by a mortgage on 40 acres of land. On March 1, 1927, appellants borrowed $600 from Hoffman, for which a like note was given, except the maturity date. which was 4 years and 8 months after date, secured by a mortgage on 51 acres of land. Both notes and the liens of the mortgages were assigned to Elizabeth Polster of St. Louis, Mo., on the dates of their execution by said Hoffman. Appellee became the owner of said notes by inheritance from his sister. Four of the five interest coupons attached to each note were paid as they matured. Nothing was paid on the principal of either note. The first note became due January 12, 1931, and the second on November 1, 1931. This suit to foreclose was brought on March 12, 1938.

Appellants answered with a general denial and a plea of the statute of limitations, § 8933 of Pope's Digest. Trial resulted in a decree for appellee and overruling the plea of limitations. The trial court based its decision on the fact that, within the period of limitations, appellee through his agent, redeemed the lands from tax sales and paid the taxes thereon, under the power so to do given in the mortgage, and that such payments under the power tolled the statute and became a new date from which limitations would run, just as a payment on the mortgage indebtedness by the mortgagor would. The mortgages here involved, in specific terms, required the appellants to pay all taxes, both general and special, present and future, and provided that if they made default in this regard, then the mortgagee, his heirs, assigns or legal representatives, might pay same, and further: "and all money so expended, with interest at the rate of ten per cent. per annum—shall, without notice or demand, be and become from date of payment, a debt collectible at law, imme-

diately due from the parties of the first part to the party of the second part, his heirs, or assigns, and shall be secured by this mortgage as fully and with like effect as the above-described notes.''

The court correctly held the action not barred under the decisions of this court in *Dunnington* v. *Taylor*, 198 Ark. 770, 131 S. W. 2d 627, and *Bell* v. *McIlroy, Trustee,* 198 Ark. 1069, 132 S. W. 2d 815. It is undisputed that Lewis Linke redeemed from tax sales and paid the taxes on said lands in 1933 and in 1936, and, when asked for whom he paid the taxes, he answered ''for the Polsters.'' This was within the period of five years from the maturity date of the note and under the decisions just cited tolled the statute. In *Dunnington* v. *Taylor, supra,* we held that the payment of insurance premiums by Taylor, the mortgagee, was sufficient to toll the statute of limitations as to the entire debt. In *Bell* v. *McIlroy, Trustee, supra,* we said: ''As to the plea of the statute of limitations, the note and the marginal entry on the record of the mortgage showed two payments of interest, $10 on September 18, 1935, and $148.05 on September 18, 1937. These payments are in dispute. However, it is undisputed that taxes for 1933-4-5 and other expenses as itemized in the complaint, including payment of insurance premiums, were made within the period of limitations, under the authority contained in the mortgage, which prevented the bar of the statute.'' Citing *Dunnington* v. *Taylor, supra.*

Appellants were bound to pay the taxes, not only by the contract, but by virtue of ownership, or else lose the property. Upon their failure to do so, appellee had the right, under the contract, to pay the taxes for the preservation of his security, which necessarily worked an advantage to appellants,—the preservation of their title. Appellee having paid the taxes, the law will imply a request from appellants to do so, which constitutes an advancement to them under the mortgage and contemplated by it when executed. But for the payments of taxes or redemptions from tax sales or both, by appellee, appellants would have lost their land, presumably, and appellee his security. Under such circumstances it would be

manifestly unjust and inequitable to permit appellants to take advantage of their own wrong by pleading limitations against the original debt.

It is suggested by appellants that the guardian *ad litem* for Mrs. Dalton, an incompetent, pleaded her incompetency to execute the notes and mortgages, and that appellee's failure to reply to this plea was an admission of this fact, and that in any event the burden was on appellee to prove her competency at the time they were executed. This suggestion is not tenable. No reply to the plea was necessary. Having pleaded her incompetency, the burden was on appellants to show it. Incompetency is never presumed, but the contrary is. Moreover Mr. Dalton testified his wife had been incompetent and in the Hospital for Nervous Diseases about 8 years, he testifying in May, 1939. This does not prove her incompetency in 1926 and 1927.

We find no error, so the decree is accordingly affirmed.