Holloway *v.* Bank of Atkins.

4-7035                                    169 S. W. 2d 868

Opinion delivered March 29, 1943.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellant.

*Hays & Wait,* for appellee.

Robins, J.   On September 4, 1934, appellee, Bank of . Atkins, recovered in the lower court a judgment against

G. D. Bailey and M. E. Bailey, his wife, for $1,050.05, together with interest from September 5, 1934, until paid, and was granted foreclosure of a mortgage on certain real estate in the town of Atkins, Arkansas, executed by the Baileys to secure said indebtedness, but the sale under the decree was stayed until further orders of the court. No proceedings were had under this decree until October 4, 1939, at which time appellee asked for and obtained an order directing the commissioner of the court to sell the property. Thereafter appellant, C. W. Holloway, filed what he designated his "intervention," in which he set up that he was a son of the said M. E. Bailey who, at the time of her marriage to Bailey, was the widow of W. P. Holloway, the father of appellant; that W. P. Holloway, at the time of his death, owned the land described in the mortgage; that M. E. Bailey had died in January, 1936; that all the children and heirs at law of W. P. Holloway, deceased, had conveyed their interests in this land to appellant; that a deed was executed by Jean Brown Holloway, on December 27, 1939, conveying his undivided share in the land to appellant, and a deed was executed by the other heirs of W. P. Holloway on July 30, 1937, conveying their undivided interests in the land to appellant, copies of both said deeds being made exhibits to the intervention. Appellant prayed that the sale of the land by the commissioner be enjoined, and that the intervener's title to the property be quieted as against appellee. To this intervention appellee filed a response denying the material allegations thereof, and alleging that the land was not originally owned by W. P. Holloway, but that it was the property of his wife, and also setting up its lien against the land for the amount paid by it for taxes and insurance premiums, and also two judgments recovered by it against A. F. Holloway and W. T. Holloway for $71.34 and $251.60, respectively; and appellee asked for a dismissal of the intervention, but prayed in the alternative that, if the title to the property should be found to be in C. W. Holloway, appellee be declared to have a first lien on the land for the amount of taxes and insurance premiums paid by it, and its judgments against the two heirs of W.

P. Holloway, A. F. Holloway and W. T. Holloway, be declared prior liens on that interest in the land acquired by the intervener from the said A. F. Holloway and W. T. Holloway. The court found that the land had been originally owned by W. P. Holloway, deceased, and that his heirs (other than appellant) had conveyed their respective interests in the land to appellant, who was decreed to be the owner thereof, and the court further found that appellee was not entitled to a lien for the amount of insurance premiums paid by it, but was entitled to a lien against the land for certain taxes paid by the appellee for the years 1929, 1930, 1931, 1932 and 1933, and also a lien on the one-ninth interest formerly owned by W. T. Holloway for $71.34, interest and costs on the judgment recovered by appellee against W. T. Holloway, and a lien against the undivided one-ninth interest formerly owned by A. F. Holloway and W. T. Holloway for the sum of $356.96, interest and costs on a judgment recovered by appellee against said parties; and the court ordered that, if the amounts found to be due appellee as aforesaid were not paid, the land should be sold for the payment thereof, and the balance paid to appellant. From this decree the intervener appealed and the Bank of Atkins prayed a cross-appeal.

The appellee urges two grounds for reversal of the decree of the lower court: First, that the intervener, having made himself a voluntary party after judgment, was estopped to dispute the first decree or to obtain any relief against the same; and, second, that the lower court erred in finding that the title to the land in controversy was originally in W. P. Holloway. Appellant contends that the lower court erred in decreeing a lien against the land for the amount of the taxes paid by the Bank of Atkins, and in refusing to decree a lien in favor of appellant for the amount of the improvements made by him on the land in controversy, and in decreeing a lien in favor of appellee for $356.96, the amount of the judgment against A. F. Holloway and W. T. Holloway, on the shares owned by these parties in the land.

Since appellant was not a party to the suit at the time the original decree was rendered against G. D.

Bailey and M. E. Bailey he was not bound thereby and could have, if he was in fact the owner of and in possession of the land, obtained a cancellation of said decree in an independent suit in the chancery court. Appellee did not demur to, nor move to strike, the intervention, but joined issue and went to trial on the questions raised by the intervention. The lower court did not err in permitting the intervener and the appellee to try in the original suit the issues raised by the intervention and the response thereto.

The finding of the lower court to the effect that W. P. Holloway had owned the land at the time of his death was not against the preponderance of the evidence. J. L. Holloway, a brother of the appellant, testified that he saw the deed which was executed by W. R. Parker and that by this deed the land in controversy was conveyed to W. P. Holloway. W. R. Parker, who had formerly owned the land, testified that he conveyed the land to W. P. Holloway, and that he received as part of the consideration another tract of land which was conveyed to him by W. P. Holloway and his wife. The deed record in the recorder's office showed that a deed had been executed by W. P. Holloway and wife to W. R. Parker about the time this trade was said to have been made. No witness testified that the deed executed by Parker was to Mrs. Holloway as grantee, and there was little, if any, evidence on which the lower court could have based a finding that she was the owner of the land.

The appellee in paying the taxes on the land did not do so officiously or as a volunteer, but in order to protect its security. Mrs. Bailey had a life estate in the land and her mortgage to the bank was not void—it conveyed to the bank such interest in the land as she owned. It is fairly inferable from the testimony that the officers of the bank accepted this mortgage and paid these taxes in the honest, though mistaken, belief that Mrs. Bailey or her husband owned the land. In the case of *Kemp v. Cossart*, 47 Ark. 62, 14 S. W. 465, Judge BATTLE, speaking for the court, said: "Plaintiff, Nancy J. Cossart, claiming the land as her own, paid nine dollars and forty-four cents taxes thereon. These taxes were a paramount lien

on the land. Their legality is not disputed. It was the duty of the owner to pay them. This was necessary to protect his interest. She did not act officiously in paying them, but presumably in good faith, and for the purpose of protecting and saving property she claimed. Kemp received the benefit of the payments made without any return thereof. She is entitled by subrogation to reimbursement out of the land to the extent of nine dollars and forty-four cents." Again, in the case of *New York Life Insurance Company* v. *Nichol,* 170 Ark. 791, 281 S. W. 21, this court said: "Then too subrogation is allowed where payment is made under a mistake as to ownership." Judge COOLEY (Taxation, § 1260) stated the law thus: "Such a person who makes payment of taxes due to protect his interests may recover the amount paid from the person liable for the tax; . . . So he has a lien on the property for the amount paid, and sometimes is subrogated to the tax lien enjoyed by the taxing district. Thus a person who in good faith and under color of title claims to be the owner of real property may pay the taxes thereon, so as to be entitled to reimbursement if his claim to title is subsequently defeated; and this generally includes one who pays under an honest but mistaken belief as to the state of the title where the mistake is not the result of his own negligence or ignorance of the law." The lower court, in decreeing a lien in favor of appellee for the taxes paid by it, correctly applied the rule stated above to the facts in the case at bar.

The appellant has not referred us to any authority which supports his contention that he was entitled to a lien for the value of the improvements placed upon the land involved in this suit by him after the appellant obtained conveyances therefor. The lower court sustained appellant's contention that he was the owner of the land, and he can not consistently claim to be the owner of the land and at the same time ask for a lien in favor of himself for improvements. The lower court did not err in denying appellant's prayer for such lien.

It is further contended by appellant that the judgment in favor of appellee for $356.96, which the lower court found to be a lien on the shares in the land for-

merly owned by A. F. Holloway and W. T. Holloway, was not in fact such a lien, and we find that this contention is well founded. It appears that this judgment was rendered by a justice of the peace on July 30, 1937, but a certified copy of it was not filed in the office of the circuit clerk so as to make it a lien on real estate owned by the said A. F. Holloway and W. T. Holloway until March 11, 1938. Prior to this time, on July 30, 1937, W. T. Holloway and A. F. Holloway executed a deed conveying their interest in the land to the appellant. The lien of this judgment did not attach until a certified copy thereof was filed in the office of the circuit clerk. *Carroll* v. *Evans,* 190 Ark. 511, 79 S. W. 2d 425; *Snow Brothers Hardware Company* v. *Ellis,* 180 Ark. 238, 21 S. W. 2d 162. The appellee did not allege in its response that the deed executed by A. F. Holloway and W. T. Holloway to the appellant was fraudulent as to it and there was no proof tending to establish that it was a fraudulent conveyance. ''Fraud will never be presumed, but must be proved, and the burden is on the party alleging the same to show that a deed complained of was in fraud of his or her rights.'' (Headnote) *West* v. *West,* 120 Ark. 500, 179 S. W. 1017. The lower court erred in declaring a lien on the land for the amount of this judgment.

The decree of the chancery court is modified so as to eliminate the lien on the shares in the land in controversy formerly owned by A. F. Holloway and W. T. Holloway, based on the judgment against them for $356.96, and, as so modified, is affirmed.

CARTER, J., (dissenting). I dissent from that part of the opinion which holds that the Bank of Atkins is entitled to recover the taxes paid by it on the land in controversy.

The bank had merely a mortgage on the life estate. It paid the taxes on the whole estate. The court here holds that it is entitled to recover the taxes so paid out of the remainderman's interest on the ground that the bank was not officious and was not a volunteer in so doing.

The basis of recovery by one who pays taxes on the lands of another is unjust enrichment. A person is not enriched unless he has received a benefit. See § 1, a and b, of *Restatement of the Law on Restitution.* Under

§ 13813 of Pope's Digest, it was the duty of the life tenant to pay the taxes and upon her failure to do so the remainderman can déclare a forfeiture of the life estate. By paying taxes for the life tenant the bank has deprived the remaindermen of a right given them by statute. It cannot be said as a matter of law that the bank has conferred a benefit on the remaindermen. The bank's only right, therefore, is dependent on its claim under the mortgage against the life tenant or that a benefit has been conferred on the life tenant and she was unjustly enriched. It had a right to recover from her and a right to a lien on her estate. But there has been no benefit conferred upon, or unjust enrichment of, the remaindermen and the bank ought not recover from them nor out of their estate.

MR. JUSTICE McFADDIN concurs in this dissent.