BINGHAM *v.* ZENO.

5-1487 312 S. W. 2d 181

Opinion delivered April 14, 1958.

*W. H. Howard* and *John Baxter,* for appellant.

*Pat H. Mullis* and *Lloyd B. McCain,* for appellee.

CARLETON HARRIS, Chief Justice. Aaron and Esther Zeno, brother and sister, on May 8, 1948, instituted an action in ejectment in the Desha Circuit Court against B. H. and Mary Bingham. The Zenos claimed the land in question (160 acres) as heirs of Louis Zeno, their father, it being alleged that the Binghams had executed a deed to the property to Louis Zeno on May 6, 1937. The Binghams answered, and moved to transfer the cause to equity, alleging that the purported deed was in fact a mortgage, that the debt created thereby was long since cancelled, and specifically pleaded the statute of limitations. The cause was transferred to the Chancery Court. The Binghams died in 1950, and the case was revived by order of the court in 1954. The heirs at law of B. H. Bingham appeared expressly for the pur-

pose of presenting a motion to dismiss, alleging that the order of revivor was not obtained within the statutory period. This motion was overruled by the court, following which, Clemon Bingham, one of B. H. Bingham's children, intervened in his individual capacity, rather than as an heir of B. H. and Mary Bingham, and alleged that the Binghams had, on December 20, 1945, by warranty deed, conveyed the land in question to him; prayed that the deed from his father and mother to Louis Zeno be declared a mortgage and alleged that all of the indebtedness was barred by limitations. On the same date (September 12, 1955), the court dismissed appellees' complaint for lack of prosecution, and vested title to the property in the intervener, Clemon Bingham. On November 28, 1955, appellees filed their ''Complaint and Motion to Vacate the Decree,'' alleging they had not received notice of the date, time, or place of the trial for the cause of action, and that the trial was heard outside the district without an agreement of the parties. To such pleading, intervener, Clemon Bingham, filed his demurrer, and Clemon, Willie, and Excel Bingham, as heirs at law of B. H. and Mary Bingham, filed their demurrer. On December 20th, after a hearing the court vacated and set aside the decree of September 12th. On November 13, 1956, the cause was tried, at the conclusion of which the court (1) found that the deed from B. H. and Mary Bingham to Louis Zeno, dated May 6, 1937, was in fact a mortgage, and that the ''indebtedness secured by said mortgage has been extinguished by payment, or long since barred by limitations; * * * ,'' (2) vested title to the land in question in the intervener, Clemon Bingham, (3) gave judgment to the Zenos in the amount of $3,034.87, representing taxes paid by appellees or their father from 1936 through 1955, less $163.61, representing rentals received from the lands from oil and gas leases by appellees (both amounts including interest to the date of trial), or a net judgment of $2,871.26, together with interest at the rate of 6 per cent per annum from November 13, 1956, until paid, and impressing a lien on the lands to secure such judgment. Intervener, Clemon Bingham, brings this appeal, asserting first, that ap-

pellees were "volunteers" in paying taxes on the property in controversy; second, that at most, appellees could only recover taxes paid three years prior to institution of suit, and third, that the trial court had no jurisdiction as the order of revivor was untimely. We proceed to a discussion of each point in the order named.

## I.

Appellees claimed ownership of this land as heirs at law of their father, who held a deed from appellants' parents, and under such claim, instituted this suit. Of course, an owner of lands not only has the right to pay taxes on same, but, if desirous of protecting his ownership, finds it incumbent to do so. While the court held this particular deed, in effect, a mortgage, the rule is the same. We have held in numerous cases that a mortgagee may protect his security by paying the taxes when the debtor has not done so. *The Federal Land Bank of St. Louis* v. *Treece,* 199 Ark. 1169, 138 S. W. 2d 90, *Holloway* v. *Bank of Atkins,* 205 Ark. 598, 169 S. W. 2d 868. Clemon Bingham testified that he had tried several times to pay the taxes, but that Zeno had already paid them; however, the record reflects that in most years these taxes were paid months after the tax books had opened. Appellant, therefore, had plenty of time in which to pay the taxes, had he really been anxious to do so[1]. It would appear that he was not reluctant to accept the "free ride" and certainly the tax payments inured to his benefit. Accordingly, we find no merit in this contention.

---

[1] From the testimony of Clemon Bingham:

"Q. * * * what time of the year did you come in here and try to pay the taxes? A. Oh, in the fall—before the limit come on—er ruh —in the fall of the year. Q. Well, now, when is that now? A. What?— when the limits come— Q. Yes?—the end of the tax paying time? A. Oh, bout October—er 1st of October. * * * Q. Did you ever try to pay taxes early in the year when the tax books opened? A. Early in the year? Q. Yes? A. Naw, I hadn't been around early in the year— er ruh—you mean somewhere round February or March—something like that? Q. You knew somebody else was paying them all this time? A. Yes, I knowed he was paying em. Q. What were you trying to do? —Get a free ride? A. Naw, I wasn't trying to get a free ride. Q. Did you ever offer to pay Mr. Zeno when he paid the taxes? A. Naw sir, he hadn't been a coming to me and say nothing bout no taxes."

## II.

Here, again, we are unable to agree with appellant. Appellees had a right to pay their taxes and such payments being made from the outset of their acquiring an interest in the property (*i. e.*, before the original debt was barred by limitations), the statute of limitations as to the original debt was tolled. *Dalton* v. *Polster,* 200 Ark. 168, 138 S. W. 2d 64; *Bell* v. *McIlroy, Trustee,* 198 Ark. 1069, 132 S. W. 2d 815. Though giving judgment to appellees for the taxes paid, the trial court held the original indebtedness "extinguished by payment, or long since barred by limitations." It cannot be ascertained from the record whether the indebtedness was paid, but certainly, the statute was tolled against the original debt of $353, under the decisions just cited. However, appellees do not appeal from the trial court's ruling, and we are therefore not concerned with that question.

## III.

Appellant's point is not well taken, though the Order of Revivor was not properly obtained[2]. Clemon Bingham, in filing his intervention seeking affirmative relief, entered the litigation voluntarily "as he found it," and cannot now be heard to complain of the proceedings held prior to the time of his intervention. In other words, though the suit against B. H. and Mary Bingham abated at their deaths, the intervention by Clemon Bingham had the effect of beginning a new action by him, as alleged owner of the land[3]. *Oliver* v. *Howie,* 170 Ark. 758, 281 S. W. 17.

Finding no reversible error, the decree is affirmed.

---

[2] The Binghams died in 1950, and the motion for revivor was not made until December 11, 1953, almost exactly three years after the death of B. H. Bingham (December 12, 1950). See Arkansas Statutes, Sec. 27-1016.

[3] We are not here concerned with the other heirs since they have not appealed. Apparently they claim no interest in the land. recognizing the deed to Clemon from B. H. and Mary Bingham. Willie and Excel Bingham, together with Clemon, however, in filing the demurrer, entered their appearance in the suit.