LINCOLN NATIONAL LIFE INSURANCE COMPANY
*v.* HUFF.

4-8010, 4-8011 (consolidated)          197 S. W. 2d 927

Opinion delivered December 2, 1946.

*Frank S. Quinn,* for appellant.

*T. B. Vance* and *McDonald & Goldman,* for appellee.

Robins, J. These two cases have been consolidated here because they both present the same issue, which, in each case, is whether the suit of appellant against appellees to recover certain special and general taxes, paid under belief of ownership by appellant on two different tracts of land, one owned by the appellees in case No. 8010, and the other by appellees in case No. 8011, was barred by the three year statute of limitations. From decrees of the lower court absolving appellees from liability as to all taxes paid by appellant more than three years before the commencement of the instant suits, respectively, this appeal is prosecuted.

It appeared from the proof in one case, and from the complaint (to which demurrer was sustained) in the other, that appellant, under a belief that the lands belonged to it, paid certain taxes due on each tract; that at the time of such payments suits were pending between appellant and appellees in which appellant was seeking to establish its title and obtain possession of the lands; that more than three years had elapsed from the time of the payments of the taxes involved in this appeal to the date of the filing of the respective suits; but that the final judgments by which it was held that appellant had no title were each rendered within the three year period.

In the case of *Brobkfield* v. *Rock Island Improvement Company,* 205 Ark. 573, 169 S. W. 2d 662, it was shown that the Rock Island Improvement Company paid taxes on certain land under the honest belief that it was the owner of same, and later the company sued Brookfield, the true owner, for the amount of the taxes so paid. We held in that case that the three year statute of limitations applied and that no taxes paid more than three years before the institution of the company's suit could be awarded to it.

Appellant argues that the Brookfield case is not controlling here because the suits to settle the title to the

lands, upon which taxes sought to be recovered herein were paid, were not finally decided against appellant until less than three years before commencement of the suits at bar, and that the statute of limitations did not begin to run against appellant on its claims for reimbursement of taxes paid under belief of ownership until it was judicially determined that appellant did not own the lands. In the absence of proof of fraud on the part of the defendant pleading the statute of limitations, the plaintiff's ignorance of his right of action does not take the case out of the operation of the statute. *Hibben* v. *Malone,* 85 Ark. 584, 109 S. W. 1008; *Landman* v. *Fincher,* 196 Ark. 609, 119 S. W. 2d 521; *Faulkner* v. *Huie,* 205 Ark. 332, 168 S. W. 2d 839.

When appellant paid these taxes under an honest, but mistaken, belief of ownership, the liability of appellees to repay these taxes to appellant and appellant's right to collect them from appellees simultaneously accrued. The accrual of this liability and this right of action fixed the time when the statute of limitations began to run.

In case No. 8011, appellant urges that since, in its unsuccessful suit to recover the land, it also sought judgment (in the alternative) for the taxes involved in the case at bar and the judgment in the possessory action was by express recital thereof without prejudice to the bringing of an action for taxes paid by appellant, the statute of limitations was tolled by the bringing of the first suit. While that judgment did contain a recital that it was without prejudice to appellant's right of action as to taxes paid by it, the fact that recovery of the same taxes as herein involved was also sought in appellant's unsuccessful action for the lands does not appear from appellant's complaint in the case at bar, demurrer to which complaint was sustained by the lower court. Hence there is nothing in the record before us to show that another suit to recover the taxes sought herein had been brought by appellant; and it becomes unnecessary for us to decide whether, in any event, a plaintiff in ejectment suit may join with such suit an action to recover taxes

paid by plaintiff on the land to which he is seeking to enforce title.

The rule followed in the Brookfield case, *supra,* clearly applies in the instant cases. The decrees of the lower court were, therefore, correct and are accordingly affirmed.