PINKERT v. BAIRD.

5-713 281 S. W. 2d 929

Opinion delivered June 20, 1955.

[Rehearing denied October 3, 1955.]

*U. A. Gentry,* for appellant.

*O. W. Garvin* and *Linwood L. Brickhouse,* for appellee.

WARD, J. Appellant Pinkert instituted this action in chancery court to quiet his title to certain vacant lots and to remove as a cloud on his title an adverse claim asserted by appellee Baird. Appellee answered setting forth his claim of title to the same property and in the alternative asked that the court require appellant to reimburse him for all improvement and general taxes he had paid on said lots since 1939. To the latter plea appellant interposed the three year statute of limitation. The trial court found that appellant had good title to the lots and confirmed his title to the same, and from this portion of the decree appellee has not appealed. The trial court further held that appellee was entitled to judgment against appellant for the amount of all taxes paid by him, and for a lien on the lots to secure payment of same. From this portion of the decree appellant prosecutes this appeal.

Since no question is presented here as to the title to the property, the facts relative thereto may be briefly stated. On December 15, 1938 appellee received from the City of Little Rock a deed to lots 1, 2 and 3, Block 19, Capitol Hill Extension to the City of Little Rock and since that date, up to and including the year 1953, appellee has paid improvement and general taxes on said lots in the amount of $1,941.68. On May 26, 1944 appellant received a deed to the same lots from W. I. Stout, trustee, who in turn had received a deed through Sewer Improvement District 94.

Appellant concedes that appellee is entitled to be reimbursed for all taxes paid on said lots for three years

prior to the institution of this suit, but strongly insists that appellee is barred by the three year statute of limitation from recovering for taxes paid previously thereto. In support of this contention appellant relies on *Brookfield* v. *Rock Island Improvement Company*, 205 Ark. 573, 169 S. W. 2d 662, 147 A. L. R. 451, stating that it settles the question here presented. We are unable to agree with appellant in this contention.

Briefly stated the facts and the holding in the *Brookfield* case, supra, are as follows: Rock Island sued Brookfield "alleging that, under a *bona fide* claim of title, it had paid taxes for many years on lands owned by Brookfield. It asked judgment for such taxes, with interest, for a lien on the land to secure the payment of the judgment, and for a foreclosure of such lien." Brookfield plead the three year statute of limitation. The trial court gave judgment in favor of appellee for taxes paid over a period of 18 years, with interest, and declared a lien on the land. On appeal we held that, notwithstanding there was sufficient evidence to show that Rock Island had paid the taxes in good faith, claiming to be the owner of the land, the three year statute of limitation barred a recovery for all amounts paid more than three years before the suit was instituted.

The *Brookfield* case, supra, was cited and followed in *Lincoln National Life Insurance Company* v. *Huff*, 210 Ark. 833, 197 S. W. 2d 927, wherein the facts were essentially the same as in the *Brookfield* case.

After a careful review of other decisions of this court, we have, with some hesitancy, concluded that the facts in the above cited cases are distinguishable from the facts in this case, and that they are therefore not controlling here.

It will be noted that in the *Brookfield* case, supra, and the *Huff* case, supra, the party seeking to recover for taxes paid on land in good faith under color of title was the same party who instituted the action. In such cases the holding seems to be that the three year statute of limitation will apply in favor of the adverse party.

These holdings are apparently based on the theory that the plaintiff's cause of action [for the recovery of taxes] accrued when the taxes were paid and that his right of action to recover the same must be brought within three years after payment. We have held however that the situation is different where the plaintiff comes into a court of equity to have his title quieted to certain lands against one who has, under color of title, paid the taxes for many years, and is met by a request by the defendant for a repayment of all taxes paid by him on the land. In such instances we have held that before the plaintiff can invoke equity he must do equity by repaying all taxes. This is on the theory that the plaintiff has been benefited to the extent of the tax payments which he would have had to make had they not been made by the defendant.

The *Brookfield* case, supra, was thus distinguished in the case of *Turner* v. *Grove Land and Timber Company*, 208 Ark. 921, 188 S. W. 2d 121, where it was specifically referred to. In speaking of the *Brookfield* case the court said:

"The defendant pleaded the three year statute of limitation. We held the trial Court was in error in not sustaining the plea. But the opinion, by express language, states the facts to be that the plaintiff had paid taxes on land owned by Brookfield. It could not, therefore, become the beneficiary of equitable relief in a proceeding it instituted, when met by the legal defense of limitation."

In applying the equitable doctrine mentioned above the court also said: "Our view is that the Court properly imposed the condition that, as a prerequisite to his plea for equitable dispensation, Turner was required to reimburse the defendant for money necessarily applied to protect its property, full benefits of which went to the plaintiff to prevent forfeiture." Just as in the case under consideration Turner prevailed in the trial court on the question of title and was ordered to refund to the Timber Company all taxes it had paid on the land [for

more than three years]. On appeal the decree of the trial court was sustained.

In *Walsh* v. *Buckner,* 209 Ark. 320, 190 S. W. 2d 447, the *Turner* case, supra, was referred to and followed although it was not discussed at length. There, again, appellant filed a petition in chancery court to confirm title to [among other lands] the NE¼ of the SE¼, Section 18, Township 3 South, Range 10 West, and the trial court upheld his title. In that case Buckner was allowed to recover all taxes paid since 1918—a period of approximately 20 years. This court there cited the *Turner* case as authority for requiring Walsh to reimburse Buckner for all the taxes which he had paid.

In the case under consideration appellee in good faith and under color of title paid the improvement and general taxes on the lots in question over a period of approximately 14 years which otherwise appellant would have had to pay. Appellant invoked the aid of the chancery court to cancel appellee's deed as a cloud on his title. As an incident to the trial court's granting the relief prayed for by appellant it required appellant to do equity by reimbursing appellee for all the taxes which he had paid. After a careful consideration of the decisions of this court in the above cited cases we have concluded that the decree of the trial court was correct and that the same should be and the same is hereby affirmed.